AUGUSTUS S. FITCH and Others, as Executors, etc., of GEORGE W. FITCH, Deceased, Appellants, *v.* TINA B. FRASER, Respondent.

*Action for contribution — the surrender of a guaranty signed by an executrix and others is a consideration for a note signed by the executrix (who was also a residuary legatee) personally — the legatee is not a mere surety for the other guarantors signing the note with her — an accounting between the guarantors is not a condition precedent to the enforcement of contribution from the legatee by the other guarantors who have paid the note.*

The firm of White, Griswold & Co. transferred substantially all its assets to the Delaware Loan and Trust Company, giving a guaranty for the collection thereof, and thereupon went out of business. Thereafter two of the partners died, one of whom, John Babcock, left a will of which Tina B. Vosbury was the executrix and the residuary legatee. The Delaware Loan and Trust Company surrendered the guaranty first obtained and secured a second guaranty which was signed by the living partners and by Tina B. Vosbury as executrix of John Babcock, deceased.

Thereafter, upon demand of the Delaware Loan and Trust Company, payment of the guaranty was made by the giving of a note signed by several parties including Tina B. Vosbury individually and not as executrix. In exchange for the note, the Delaware Loan and Trust Company surrendered the guaranty and certain personal property which had been transferred to them by White, Griswold & Co. The proceeds of the property received from the Delaware Loan and Trust Company were applied to the payment of the note and the balance thereof was paid by the makers thereof other than Tina B. Vosbury.

In an action brought to enforce contribution from the said Tina B. Vosbury it was

*Held*, that the surrender by the Delaware Loan and Trust Company of the guaranty and the transfer of the property received from the firm of White, Griswold & Co. constituted a consideration sufficient to support the note as against Tina B. Vosbury;

That, as it appeared that such consideration inured to the personal benefit of Tina B. Vosbury as residuary legatee under the will of John Babcock, deceased, it could not be said that she was simply a surety for her cosigners;

That, as Tina B. Vosbury signed the note personally and had no standing in her individual capacity to demand an accounting as to the assets of the firm of White, Griswold & Co., such an accounting was not a condition precedent to the liability of the said Tina B. Vosbury to contribute to the payment of the note.

APPEAL by the plaintiffs, Augustus S. Fitch and others, as executors, etc., of George W. Fitch, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of

the clerk of the county of Delaware on the 24th day of February, 1902, upon the dismissal of the complaint by direction of the court after a trial at the Delaware Trial Term.

Upon November 6, 1899, the defendant, together with the plaintiffs, executed a promissory note, of which the following is a copy :

"WALTON, N. Y., *November 6th,* 1899.

"Two months after date we promise to pay (to) the order of Delaware Loan and Trust Co., twenty-one      $21,382.00 thousand three hundred and eighty-two dollars value received at the Delaware Loan & Trust Company with use.

"(Signed) GEORGE S. FITCH, HARRIET S. FITCH, as
executors, J. H. TOWNSEND, E. L. GUILD,
GEORGE T. WARNER, A. S. FITCH, TINA B.
VOSBURY, CHARLES HERRING, T. L. OGDEN."

Certain payments were made upon said note, and thereafter, upon demand, the balance remaining unpaid thereon was paid by the plaintiffs, who bring this action against the defendant for contribution, alleging her share thereof to be the sum of $1,888.70. At the close of the plaintiffs' evidence the court, upon the defendant's motion, directed a nonsuit. From the judgment entered thereupon plaintiffs have appealed.

*Neish & More,* for the appellants.

*Robert A. Fraser* and *Edwin D. Wagner,* for the respondent.

SMITH, J. :

White, Griswold & Co. were a copartnership doing business under the name of the Delaware County Bank at Walton, N. Y., and sold certain securities to the Delaware Loan and Trust Company, giving a guaranty of the collection or payment thereof. White, Griswold & Co. thereupon went out of business, having transferred substantially all of their assets to the Delaware Loan and Trust Company. Thereafter, two of said partners, to wit, George W. Fitch and John Babcock, died. After their death the Delaware Loan and Trust Company, surrendering the guaranty first obtained, secured a second guaranty, which was signed by the

living partners and by Tina B. Vosbury, this defendant, as executrix of John Babcock, deceased. By the will of John Babcock, Tina B. Vosbury was made his executrix and 'residuary legatee. Subsequently the Delaware Loan and Trust Company demanded payment of the guaranty, which was made by the giving of the note of November 6, 1899, which was signed by Tina B. Vosbury individually and not as executrix. As consideration for said note, the Delaware Loan and Trust Company surrendered the guaranty aforesaid and certain personal property which had been transferred to them by White, Griswold & Co. Soon after the maturity of said note certain payments were made thereon, and the property received from the Delaware Loan and Trust Company was sold and its proceeds applied upon the payment of the note. There still remained unpaid, however, the sum of about $13,000, which the plaintiffs were required to pay and did pay, the defendant refusing to pay any part thereof. After payment by the plaintiffs this suit was brought to compel the defendant to contribute. Three defenses are urged. *First,* that the note was without consideration as to the defendant; *second,* that the defendant signed as surety; and *third,* that there had been no accounting between the partners of White, Griswold & Co., and the defendant, representing John Babcock, could not be compelled to contribute before an accounting was had and a determination of any liability which might exist from the plaintiffs to the estate of John Babcock.

The note had ample consideration in the surrender by the Delaware Loan and Trust Company of the guaranty and the transfer to the members of the old firm of White, Griswold & Co. of the partnership property. No direct benefit to the defendant is necessary to constitute a consideration for the note. Harm to the promisee is equally effective as a consideration. Whether any benefit came to the defendant, however, may be important as bearing upon her defense that she signed as surety. But there is no evidence that she signed as surety. She appears as a maker and the surrender of her guaranty as executrix and the transfer of the personal property for the benefit of her estate was a personal benefit to her as the residuary legatee of John Babcock. It cannot be held, therefore, upon the evidence that she was merely a surety for her cosigners.

122  PEOPLE ex rel. N. Y. C., ETC., CO. v. MATTHIAS.

THIRD DEPARTMENT, MAY TERM, 1903.          [Vol. 84.

The third defense, and the one upon which the case seems to have been decided in the trial court, was that a partnership accounting was a necessary prerequisite to determine the defendant's liability to the plaintiffs. But the partnership had been dissolved. If not dissolved by the actual abandonment of the purposes of the partnership, it was clearly dissolved by the death of Babcock and Fitch. This defendant was not a partner. She could not personally be held liable for any debt of the partnership which she did not personally assume. Any liability of the partnership to John Babcock would belong to her as executrix; not to her individually. If the plaintiffs had sought contribution upon her guaranty which she signed as executrix the case would present a very different question. Having signed the note, however, personally, with no standing as an individual to demand an accounting by the partnership, we are unable to discover any valid reason for relieving her from liability until an accounting by the partnership. We are of opinion, therefore, that the learned trial judge erred in holding such an accounting to be a condition precedent to the liability of defendant to contribute to the payment of this note.

The judgment should, therefore, be reversed and a new trial granted.

All concurred, except KELLOGG, J., not voting.

Judgment reversed and new trial granted, with costs to appellants to abide event.