■ MARGROVE INCORPORATED, Respondent, v LINCOLN FIRST BANK OF ROCHESTER, Appellant.—Order unanimously reversed, with costs, motion granted and fourth cause of action dismissed. Memorandum: Defendant appeals from an order of Special Term which denied its motion to dismiss the fourth cause of action contained in paragraphs 16 through 24 of the amended complaint purporting to state a cause of action for negligent misrepresentation. The amended complaint states that a mortgage commitment was issued to plaintiff Margrove Incorporated on June 1, 1972 by defendant-appellant's predecessor the Lincoln Rochester Trust Company and

extended by mutual agreement until defendant refused to honor it in January of 1973. The fourth cause of action and the subject of defendant-appellant's motion to dismiss pursuant to CPLR 3211 (subd [a], par 7) for failure to state a cause of action provides: "17. From and after May, 1972 and until the month of January, 1973, the defendant on numerous occasions negligently warranted and represented that it would honor the real estate commitment set forth herein at Exhibit A and would advance Three Hundred Thousand Dollars ($300,000.00) cash and a line of credit of One Hundred Thousand Dollars ($100,000.00) and that there was no other terms or conditions on the aforesaid loan except as set forth in the instruments and agreements as extended and that the plaintiff could rely thereon, and the Plaintiff did so rely thereon for which damage is alleged hereafter. 18. The aforesaid representations were made for the purpose of inducing the Plaintiff to rely thereon and had the purpose and effect of inducing the Plaintiff not to seek loans from other sources and the Plaintiff did so rely to its damage. 19. That the defendant failed to loan on the aforesaid terms only but insisted on an unstated condition, i.e. that the Plaintiff's credit be satisfactory to the Defendant at the time of closing, and thereafter forced the Plaintiff into bankruptcy and inflicted the damages alleged hereinafter. * * * 21. Defendant well knew that the information was desired for a serious purpose, the continued operation of Margrove Incorporated, and that the Plaintiff intended to rely on these guarantees. Defendant also knew that Plaintiff would suffer considerable damage if the guarantee were false. 22. That Plaintiff and Defendant were in a business relationship such that the Plaintiff had a right to rely on the information and the Defendant had a duty to give it with care. 23. That the Plaintiff believed said statements so made by the Defendant to be true and relied thereon, and was thereby induced to forebear obtaining alternative means of financing." What plaintiff is in effect alleging is no more than that defendant asserted that it fully intended to fulfill its legal obligations contained in the mortgage commitment and thereafter failed to do so. The general rule with respect to promises to perform certain action in the future is stated in *Adams v Clark* (239 NY 403, 410): "Although a false representation as to a state of mind may be a false representation of a material fact * * * it does not follow that every broken promise acted upon is actionable. Mere promissory statements as to what will be done in the future are not actionable. It may well be that [defendant] intended to help the company, but with the best of intentions changed his mind when he discovered that its financial condition was hopeless. Disappointed hopes are not the basis of legal liability. If they were, no one, without making himself liable for damages, could innocently and in good faith say that he would advance money in aid of an embarrassed enterprise and then change his mind when it developed that the situation was not as rose colored as good-natured optimism had pictured it when the promise was made. Proof of failure to keep a promise may tend to establish the intent not to keep it, but common experience teaches us that such proof is not conclusive; that the making of an unkept promise does not imply of necessity in all cases a present intention not to keep the promise." No allegation is made in the amended complaint that defendant did not intend to honor its commitment at the time it was made. In *Glanzer v Shepard* (233 NY·236) the Court of Appeals, Cardozo, J., discussed the aspects of legal liability pertaining to negligent misstatements of material existing facts and under what circumstances, where damages ensued therefrom, legal liability would fall upon those asserting the erroneous facts in favor of those relying upon them. There a seller of beans hired the defendant to weigh the beans

and certify a proper weight to the plaintiff. The defendant did so. However, the weight certified was erroneous. Plaintiff sued the defendant weigher for the shortage incurred. The Court of Appeals held that the defendant was liable for a negligent misstatement of a material existing fact when, under the circumstances, he had a duty to supply the correct factual data to the plaintiff. Another case of negligent misstatement is found in *International Prods. Co. v Erie R. R. Co.* (244 NY 331). There the plaintiff was expecting the arrival of goods on a certain ship and contacted the defendant railroad to receive the goods and hold them at its warehouse for further transport to plaintiff's customers. The ship upon which plaintiff's goods was arriving docked and plaintiff called defendant to inquire at which of defendant's docks the goods were to be stored so that plaintiff might insure them. Defendant's agent gave the wrong dock, which erroneous information was conveyed to plaintiff's insurer. The goods were subsequently destroyed by fire and discovered not to be covered by insurance due to the error in storage location. The court held the defendant liable citing the serious purpose for the inquiry, the duty of defendant (since it alone knew where the goods were stored), the serious consequences upon conveying factual misinformation and the contractual nature of the relationship of the parties. Such factual misrepresentations are readily distinguishable from the failure to keep a promise. The mere failure of defendant to abide by its commitment cannot be made the basis of an action in tort for misrepresentation. The alleged negligent misstatements all relate to promised future conduct, if misstatements they be, and there is a lack of any element of misrepresentation as to an existing material fact so as to come within the doctrine of negligent misrepresentation as previously enunciated in the courts. (Appeal from order of Monroe Supreme Court—dismiss cause of action.) Present—Marsh, P. J., Moule, Cardamone, Mahoney and Dillon, JJ.