■ FIRST NATIONAL BANK OF HAMDEN, Appellant, v WALTER KAUFMAN, Respondent. (Action No. 1.) FIRST NATIONAL BANK OF HAMDEN, Appellant, v KENNETH A. JOHNSON, Respondent. (Action No. 2.)—Appeals from two orders of the Supreme Court at Special Term, entered February 11, 1974 in Delaware County, which denied plaintiffs' motions for summary judgment. Pursuant to CPLR 3213 the First National Bank of Hamden, New York (the Bank) moved for summary judgment on a summons and notice on two actions based upon written instruments for the payment of money only, executed by defendants. Defendant Kaufman, in his affidavit in opposition, alleges his ownership of stock in a corporation which owns all the shares of Bean Brothers, Inc., and he also states that the money for which he signed the first note in question was given by the Bank to Bean Brothers, Inc. Defendant Johnson, in his answering affidavit alleged ownership of 35% of the outstanding shares in Catskill Forest Products, Inc., and stated that the money for which he signed the second note in question was used specifically to fund Catskill Forest Products, Inc. Initially defendants contend that the instruments cannot be enforced due to a lack of consideration. We are of the opinion that the payment of the moneys to corporations in which defendants had an interest furnished sufficient consideration (see *Cohen v Warren,* 238 App Div 841; *Fitch v Fraser,* 84 App Div 119). Defendants also raised the defenses of fraud and duress or undue influence. Both defendants allege in their affidavits that one Herbert Eckert, at the time the notes were signed, was executive vice-president and a member of the board of directors of the bank and also the general manager, sales manager, and member of the Board of Directors of Bean Brothers, Inc., and Catskill Forest Products, Inc. Defendant Johnson stated that Eckert told him the money would be paid right back to the bank by Catskill Forest Products, Inc. Defendant Kaufman stated that Eckert told him that Bean Brothers, Inc., would pay back the moneys to the bank and that he should not worry. We find no statements of fact anywhere in the defendants' affidavits that even suggest the use of duress or undue influence in the signing of the instruments. As to the defense of fraud and misrepresentation, the only statements alleged to be false concern Eckert's alleged statements that defendants would not have to pay the notes, and that they would be paid by the corporations. Such statements, however, are merely promissory in nature relating to what will be done in the future and, therefore, are not actionable *(Adams v Clark,* 239 NY 403; *Virginia-Carolina Chem. Co. v Cooley,* 206 App Div 67). No

allegation was made by defendants as to Eckert's intention of nonperformance at the time of the transactions (see *Channel Master Corp. v Aluminum Ltd. Sales,* 4 NY2d 403). Furthermore, such an arrangement, if made, is against public policy and the makers are estopped from asserting the agreement *(Mount Vernon Trust Co. v Bergoff,* 272 NY 192; *First Nat. City Bank v Cooper,* 50 AD2d 518). Defendants, therefore, have failed to establish any valid defense based upon fraud. Consequently, no triable issues of fact have been raised and plaintiff's motions should have been granted. Orders reversed, on the law, and motions granted, without costs. Koreman, P. J., Greenblott, Sweeney, Main and Herlihy, JJ., concur.