■ ELIAS S. SHOUCAIR, Appellant, v HOWARD K. READ et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Ford, J.), entered August 25, 1981 in Clinton County, which granted defendants' motion for summary judgment. In 1974, plaintiff, a member of Great Britain's Royal College of Physicians, answered an advertisement in the *London Times* by which defendant Champlain Valley-Physicians Hospital Medical Center (Center), announced it was seeking emergency room physicians. Defendant Read, then president of the Center, interviewed plaintiff in London and on November 22, 1974, he wrote plaintiff offering him a position. In part, this letter stated, "[t]here will be no problem with your getting a two-year license immediately by waiver and your Royal College status provides virtual assurance that your permanent license will be granted on waiver". Plaintiff journeyed to

Plattsburgh, New York, in 1975 where he was employed at the Center under a contract which, as later amended, was terminable at will by either party on 60 days' written notice and was contingent upon plaintiff securing and maintaining membership on the Center's medical staff. Although not set forth in the contract, this latter contingency was in turn conditioned on plaintiff being licensed to practice in New York. A two-year license was obtained by waiver and despite the satisfactoriness of his work, plaintiff was unable to acquire a permanent license by waiver from the State Education Department. Subsequently, he failed the written licensing examination. Inasmuch as plaintiff was not licensed to practice here, the Center, in June of 1979, timely advised that his employment was being terminated. Dr. Shoucair then commenced this action charging fraudulent misrepresentation, negligence, and breach of contract. Defendants' motion for summary judgment was granted and this appeal followed. A fraud cause of action's foundation lies in an affirmation of fact. Defendant Read's observation as to the likelihood of plaintiff obtaining a permanent license via waiver constituted a "prediction of something which it is merely hoped or expected [would] occur in the future" (*Channel Master Corp. v Aluminum Ltd. Sales,* 4 NY2d 403, 408) and is an insufficient predicate for fraud (*Burgundy Basin Inn v Watkins Glen Grand Prix Corp.,* 51 AD2d 140, 145). Even if we were to assume those remarks respecting permanent licensing were negligently made, the negligence claim is time barred. Notwithstanding plaintiff's characterization of the alleged negligence as a "continuing tort", the record does not bear out such a representation. Finally, Read's letter created no contractual obligation; by it the Center did not assert the ability to procure a license on plaintiff's behalf, as indeed it could not. More importantly, the employment contract subsequently entered into expressly permitted either party to terminate the relationship, upon notice, for any reason whatsoever. Obviously, termination for failing to gain a license does no violence to that agreement. Order affirmed, without costs. Mahoney, P. J., Main, Yesawich, Jr., Weiss and Levine, JJ., concur.