■ ANTHONY C. ROMANO, Appellant, v KEY BANK OF CENTRAL NEW YORK et al., Respondents. — Orders unanimously reversed, with costs, and motion denied. Memorandum: Special Term determined that plaintiff had not suffered damages and thus dismissed his complaint containing five causes of action. We find that determination to be erroneous and reinstate plaintiff's complaint. Plaintiff Romano and Cannellos were principals in an automobile dealership for which plaintiff had agreed to guarantee all indebtedness to the bank. In March, 1979, because the dealership was experiencing some financial difficulty, the bank made a personal loan to plaintiff and Cannellos in the amount of $60,000, secured by plaintiff's certificate of deposit held by the bank, and the loan proceeds were disbursed to the dealership to cover costs of operating. Subsequently, on July 17, 1979 defendant Ouderkirk, a vice-president of the bank, contacted plaintiff and informed him that the dealership was "out of trust," i.e., automobiles financed by the bank had been sold without the proceeds being applied towards repayment of the financing as required under their security agreement. In order to provide a remedy for that situation, Ouderkirk suggested that if Cannellos and plaintiff would borrow an additional $30,000, raising their total personal debt to $90,000, the entire debt could be converted to a corporate obligation. Plaintiff signed the personal note but Ouderkirk, having become aware of the declining financial posture of the dealership through current financial statements, did not propose to the bank's loan committee that the personal loan be converted to a corporate obligation. The dealership continued to experience financial difficulties, as a result of which the bank instituted foreclosure proceedings which were interrupted by judicial dissolution of the dealership. The bank then exercised its rights against plaintiff's certificate of deposit which had been pledged as security for the $90,000 loan. Plaintiff commenced an action against the bank only, alleging, *inter alia,* that the bank, through one of its officers, had fraudulently induced him to sign the personal note by promising that it would be converted to a corporate obligation of the dealership. That complaint was dismissed for failure to state a cause of action because of plaintiff's failure to allege a present intention on the part of defendant not to fulfill the promise at the time it was made, such allegation being necessary to an action for fraudulent misrepresentation (see *Adams v Clark,* 239 NY 403; *First Nat. Bank of Hamden v Kaufman,* 58 AD2d 668; *Margrove Inc. v Lincoln First Bank of Rochester,* 54 AD2d 1105). Subsequently, plaintiff sought and was granted leave to replead the present amended complaint, which joins Ouderkirk as a defendant and contains five causes of action, on the condition that plaintiff show that the new causes of action are different from those previously dismissed and that he has good grounds to support said causes of action. When defendants once again moved to dismiss for failure to state a cause of action, Special Term, addressing itself solely to the issue of damages, dismissed the complaint on its determination that plaintiff had suffered no damages. Special Term found that inasmuch as plaintiff was a guarantor of the dealership's debt, he would have been

required to satisfy the debt from his own assets regardless of whether the note had been converted to a corporate obligation and thus suffered no greater damage than he would have as a primary obligor. That determination overlooks the fact that, had the disputed note been converted to a corporate obligation, the plaintiff's liability would have been that of a guarantor. As a guarantor, he would have been subrogated to all the rights and remedies available to the creditor for enforcement of the principal's obligation (57 NY Jur, Suretyship and Guaranty, § 323, p 759). Thus plaintiff would have acquired the secured creditor status that the bank held pursuant to its security agreement. Instead, as a primary obligor, plaintiff was merely an unsecured creditor. Since such result clearly inures to plaintiff's detriment, Special Term erred in finding that he had suffered no damages. Turning to the merits of plaintiff's second through fifth causes of action, we note that they are essentially the same as the first cause of action in the original complaint. On repleading a cause of action which has been dismissed for insufficiency, it is incumbent on plaintiff to establish by evidentiary proof that he does in fact have a cause of action against defendants for fraud and/or misrepresentation (CPLR 3211, subd [e]; *Metro Envelope Corp. v Westvaco*, 72 AD2d 502; *Hirsch v Lehman*, 65 AD2d 523). The fraud claim in the original complaint was dismissed for failure to allege that defendant had a present intent not to convert the personal note to a corporate obligation. The present complaint and supporting affidavit allege that defendants intended to deceive plaintiff and induced him to sign the note although they knew that conversion required approval of the bank officers loan committee and that such approval would not be forthcoming unless satisfactory current financial statements were supplied. Plaintiff states that Ouderkirk promised to have the loan converted within three days and that he did not mention the necessity for financial documentation or that a decision by the officers loan committee was necessary for authorization. He further asserts that defendants knew at the time of making the representations that such authorization could not be obtained. Ouderkirk, on the other hand, asserts by way of affidavit that he told plaintiff that the loan had to be authorized by the bank officers loan committee, that current financial statements were a prerequisite and that he informed Romano that he lacked sufficient loan authority to approve the conversion. Thus a sharp factual issue is presented as to whether Ouderkirk's statements constituted "prophecy and prediction of something which it is merely hoped or expected will occur in the future" (*Channel Master Corp. v Aluminum Ltd. Sales,* 4 NY2d 403, 408) which statements are not actionable (see *Shoucair v Read,* 88 AD2d 718; *First Nat. Bank of Hamden v Kaufman,* 58 AD2d 668, *supra; Margrove Inc. v Lincoln First Bank of Rochester,* 54 AD2d 1105, *supra*), or whether such statements were "made with a preconceived and undisclosed intention of not performing [them]" (*Sabo v Delman,* 3 NY2d 155, 160; see, also, *Adams v Clark,* 239 NY 403, 410, *supra*). Plaintiff's allegations of present intent are thus sufficient to establish a prima facie case and defeat a motion to dismiss for failure to state a cause of action. With respect to plaintiff's first cause of action alleging breach of contract, it was not part of the original complaint and thus did not require permission to be asserted. Plaintiff alleges that he signed a personal note and pledged additional securities on the representation by Ouderkirk that the loan would be converted to a corporate obligation with plaintiff secondarily liable. He alleges further that Ouderkirk's failure to comply with that agreement caused him to suffer greater loss than he would have as a preferred creditor. Mindful that this is a CPLR 3211 motion to dismiss, our inquiry is only "whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which

taken together manifest any cause of action cognizable at law" (*Guggenheimer v Ginzburg,* 43 NY2d 268, 275). Measured by that standard we find that plaintiff's first cause of action for breach of contract must also be reinstated. (Appeals from orders of Supreme Court, Onondaga County, Stone, J. — dismiss amended complaint.) Present — Dillon, P. J., Denman, Moule and Schnepp, JJ.