■ EUGENE T. ROBINSON, Respondent, v PARAMOUNT PICTURES CORPORATION et al., Appellants, et al., Defendants.—In an action to recover damages for unjust enrichment, to recover damages for fraud and intentional infliction of emotional distress, and for declaratory and injunctive relief, in which the plaintiff alleges that his life story was misappropriated, the appeal is from so much of an order of the Supreme

Court, Kings County (Spodek, J.), dated March 28, 1985, as denied that branch of the appellants' motion which was to dismiss those causes of action sounding in quasi contract and seeking declaratory and injunctive relief, granted the plaintiff leave to replead the causes of action sounding in fraud and intentional infliction of emotional distress, and refused to convert the motion to dismiss to a motion for summary judgment and to grant summary judgment to the appellants.

Order modified, on the law, by deleting the provision thereof which granted the plaintiff leave to replead his cause of action sounding in intentional infliction of emotional distress, and substituting therefor a provision denying the plaintiff leave to replead that cause of action, and deleting the provision denying so much of the appellants' motion as sought to strike the demand for punitive damages and substituting therefor a provision striking the demand for punitive damages. As so modified, order affirmed insofar as appealed from, without costs or disbursements.

The substance of the plaintiff's claim is that he was defrauded into revealing his life story, upon which the movie "Saturday Night Fever" was based. He further alleges that he is entitled to compensation for the work, labor and services he provided during the filming of the movie.

We conclude that the plaintiff has stated a cognizable claim sounding in quasi contract. Taking the factual allegations of the plaintiff's complaint as true, he received no compensation when the appellants acquired and utilized his life story and when he provided technical services during the filming of the movie itself. The parties were thus enriched as they were saved from the expense of compensating the plaintiff *(see, Baratta v Koslowski,* 94 AD2d 454). This enrichment was unjust if the appellants devised a scheme to deceive the plaintiff into revealing his story so as to avoid paying him expected compensation for it *(see, McGrath v Hilding,* 41 NY2d 625).

The plaintiff's claim for intentional infliction of emotional distress is unsupportable, and we therefore dismiss it on the merits. This cause of action may only be maintained where the conduct is so outrageous and atrocious that it is utterly intolerable in a civilized community *(see, Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303). Even if the plaintiff was a victim of fraud perpetrated on him by the appellants we cannot say that their actions rise to the level of culpability required to make out intentional infliction of emotional distress.

The plaintiff may, however, have a supportable cause of action sounding in fraud. He has set forth evidence tending to show that a party approached him, seeking to acquire his life story for purposes of a magazine article. He claims that this story was actually necessary for the movie screenplay and asserts that he will produce evidence tending to establish that the movie deal was made in advance of the writing of the magazine article. The plaintiff has thus set forth a basis warranting leave to replead his cause of action sounding in fraud, which requires evidentiary proof that he does in fact have a cause of action against the appellants to recover damages for fraud *(see, Romano v Key Bank,* 90 AD2d 679; *Metro Envelope Corp. v Westvaco,* 72 AD2d 502).

The plaintiff's claim for punitive damages stemming from the fraud is dismissed. Only where fraud is gross, involves a high degree of moral culpability and is aimed at the general public may punitive damages be imposed *(see, e.g., Marcus v Marcus,* 92 AD2d 887).

Whether the plaintiff released the appellants by signing a pay voucher is an issue of fact which must await trial.

We do not reach the merits of the plaintiff's demands for declaratory and injunctive relief as the plaintiff has since abandoned these causes of action. Weinstein, J. P., Niehoff, Lawrence and Kooper, JJ., concur.