■ ALVIN W. FENZEL, Individually and as Executor of FLORENCE J. FENZEL, Deceased, et al., Respondents, v ST. FRANCIS HOSPITAL et al., Defendants, and ROBERT M. BARONE, Appellant.—Order affirmed without costs for reasons stated in decision at Supreme Court, Gossel, J.

All concur, except Boomer and Pine, JJ., who dissent and vote to reverse, in the following memorandum.

Boomer and Pine, JJ. (dissenting). We respectfully dissent.

The court erred in denying defendant Dr. Barone's motion for summary judgment dismissing plaintiffs' complaint against him for intentional infliction of emotional distress. The cause of action stemmed from Dr. Barone's allegedly false statements to plaintiffs, who are the husband and children of the decedent, and his failure to disclose allegedly relevant information to them. In August 1986, defendant Dr. Sperazza had

performed a hysterectomy on decedent. During subsequent surgery on decedent in December 1986, Dr. Barone found a laparotomy pad inside decedent's small bowel. Dr. Barone told decedent's family that, based on his findings, it appeared that decedent had swallowed the cause of the obstruction. Plaintiffs alleged that Dr. Barone failed to inform them that the object found was a laparotomy pad, that such pads are used during hysterectomies and that they measure 15 by 15 inches, and that he told them, in order to protect Dr. Sperazza, that decedent had swallowed the material. Dr. Barone moved for summary judgment on the ground that plaintiffs' allegations did not rise to the level of intentional infliction of emotional distress. In opposition, plaintiffs submitted the affidavit of Dr. Thomas Kerenyi, who stated "with medical certainty" that the laparotomy pad had been left in decedent during the hysterectomy, that decedent had not swallowed it, and that Dr. Barone's attempt to place the responsibility on the decedent is outrageous and inexcusable.

Plaintiffs do not allege that Dr. Barone is chargeable with medical malpractice. We find that the conduct with which he is charged does not rise to the level of extreme and outrageous conduct necessary to support a cause of action for intentional infliction of emotional distress (see, *Luciano v Handcock,* 78 AD2d 943; *see generally, Freihofer v Hearst Corp.,* 65 NY2d 135, 143; *Fischer v Maloney,* 43 NY2d 553). Even if plaintiffs were able to prove that Dr. Barone knowingly lied to them, his conduct would not rise to the necessary level (see, *Clark v New York Tel. Co.,* 52 AD2d 1030, *affd* 41 NY2d 1069; *see also, Robinson v Paramount Pictures Corp.,* 122 AD2d 32, 33). (Appeal from order of Supreme Court, Erie County, Gossel, J. —summary judgment.) Present—Dillon, P. J., Boomer, Pine, Lawton and Lowery, JJ.