**Richard R. TITSCH, Plaintiff,**

v.

**Jon Yard ARNASON, as a Private Trustee, individually, and in the alternative, and Eric Charles Kurtzman, as a Private Trustee, individually, and in the alternative, Defendants,**

**and the United States Trustee, and Seaboard Surety Company, a National Surety Company of the United States of America, Necessary Defendants.**

**No. 92 Civ. 4403 (RWS).**

United States District Court, S.D. New York.

Jan. 7, 1993.

Richard R. Titsch, III, pro se.

Otto G. Obermaier, U.S. Atty., S.D.N.Y., (Kathleen A. Zebrowski, Asst. U.S. Atty., of counsel), New York City, for U.S.

## OPINION

SWEET, District Judge.

Defendant United States Trustee (the "U.S. Trustee") has moved to dismiss plaintiff Richard R. Titsch's complaint pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, following the prior motion of defendant and private trustee Jon Yard Arnason ("Arnason") to dismiss pursuant to Federal Rules of Civil Procedure, Rules 9(b), 12(b)(6), and 12(b), (h). For the reasons given below, both motions are granted.

*Prior Proceedings*

Plaintiff Richard Titsch filed his original complaint in the Supreme Court of the State of New York on May 18, 1992, alleging fraud and negligence on the part of the trustees in bankruptcy appointed to supervise the proceedings of ADS Magazine Associates ("ADS"), which has filed a petition under Chapter 11 of the United States Code. On June 15, 1992, the United States Trustee removed the action to Federal court pursuant to 28 U.S.C. § 1442(a) (1992).

Plaintiff served a copy of the complaint only upon the United States Trustee and the other named defendants (the first private trustee, the successor private trustee, and the surety company which had provided the surety bond required by the private trustees) in this action, not upon the United States Attorney for the Southern District of New York nor upon the Attorney General of the United States. The case was assigned to the Honorable Charles H. Haight of the Southern District, who granted an Order on July 1, 1992, allowing the U.S. Attorney's office a 60–day extension to file an answer. Judge Haight voluntarily recused himself, however, upon the plaintiff's request.

The plaintiff then brought an interlocutory appeal against Judge Haight's 60–day extension, and filed affidavits of default against all defendants. His first affidavit in opposition to the private trustees' motion to dismiss states that a promise made with intent not to keep it is fraudulent. His sole contention in opposition to the U.S. Trust-

ee's motion to dismiss his complaint is that since the original 20 days given defendants for filing an answer has already past, he has won by default.

*The Facts*

ADS Magazine Associates ("ADS") filed under Chapter 11 of the United States Code on November 15, 1985, in New York. The first private trustee appointed to supervise the case by the United States Trustee was Jon Yard Arnason, who resigned as interim trustee and was replaced by Eric Charles Kurtzman ("Kurtzman"), also appointed by the United States Trustee. Defendant Seaboard Surety ("Seaboard") is merely alleged to have provided the United States Trustee's office with the requisite surety bond under federal law. No other claims are specified against Seaboard.

Plaintiff, a former employee and creditor of ADS in bankruptcy, filed this suit in May, 1992 in New York State Court alleging that the two private trustees had fraudulently promised to file a final report and disburse all eligible claims by April 30, 1992, and that the negligent supervision of the United States Trustee and the Seaboard Surety Company had enabled them to do so. He has alleged no facts to support the inference of fraud beyond an oral promise during an undated telephone call and the ensuing failure of the trustees to close the case by the end of April, 1992: "Plaintiff has had many communications with Defendant Kurtzman, and in one such conversation with his office Defendant Kurtzman promised to file a final report by the middle of April and disburse by April 30, 1992." (Compl. ¶ 6).

Plaintiff's first cause of action, alleged against all defendants, is apparently for common law fraud. The second, alleged only against Kurtzman, is for fraud based on a promise made by Kurtzman's agent on March 23, 1992, that the final report would be filed by April 30, 1992. The third, alleged only against the United States Trustee, simply states that "[t]o date, this defendant has supervised nothing, and has allowed two incompetent Trustees to completely bungle the handing of a simple commercial bankruptcy." The fourth, against

Seaboard, states only that "Defendant SEABOARD provides the United States Trustee's Office with the requisite surety bond for its Private Trustees pursuant to Federal Law," Compl. ¶ 16.

*Discussion*

The claims against the two private trustees and Seaboard are dismissed for failure to specify fraud with sufficient particularity and for failure to state a claim for negligence.

■ Rule 9(b) requires that "all averments of fraud . . . . shall be stated with particularity." The complaint must specify what fraudulent statements were made, the time and place of the statement and the identity of the speaker, the manner in which the statement mislead the plaintiff and what the defendant "obtained as a consequence of the fraud," *Conan Properties, Inc. v. Mattel, Inc.*, 619 F.Supp. 1167, 1172 (S.D.N.Y.1985). Rule 9(b) should be construed strictly in order to minimize strike suits, protect defendants' professional reputations, and to give defendants notice of the precise conduct at issue. *Billard v. Rockwell Int'l Corp.*, 683 F.2d 51, 57 (2d Cir.1982).

■ The only specific instance of fraudulent conduct that Plaintiff has offered for the first count is that "in one such conversation" Kurtzman made an oral promise to close the bankruptcy proceedings of ADS by April 30, 1992. Since Plaintiff does not state when the statement was made or in what context, the first count fails to specify fraud according to Rule 9(b) and is hereby dismissed.

■ The only specific instance of fraudulent conduct that Plaintiff alleges on the second count is a promise by Kurtzman's agent made on March 23, 1992, that the bankruptcy would be closed by April 30, 1992. Although this too is not specific enough (Plaintiff fails to allege whether the promise was written or oral), it fails to state a claim of fraud since it does not allege any misrepresentation of existing facts. Plaintiff has alleged nothing to indicate that Kurtzman's agent "knew" on March 23 that the bankruptcy would not be closed by April 30. Promises which are merely not kept, absent some reliable allegation that they were false when made, do not state a claim for fraud under New York law. *See Channel Master Corporation v. Aluminum Limited Sales, Inc.*, 4 N.Y.2d 403, 176 N.Y.S.2d 259, 151 N.E.2d 833 (1958); *Margrove Inc. v. Lincoln First Bank*, 54 A.D.2d 1105, 388 N.Y.S.2d 958 (4th Dep't 1976); *Lanzi v. Brooks*, 54 A.D.2d 1057, 388 N.Y.S.2d 946 (3rd Dep't 1976), *aff'd*, 43 N.Y.2d 778, 402 N.Y.S.2d 384, 373 N.E.2d 278 (1977).

■ Plaintiff's third cause of action fails for the same fatal lack of specificity as the first two. However, Plaintiff's complaint must also be dismissed by this Court for lack of subject-matter jurisdiction.

The United States Trustee system was introduced by the Bankruptcy Reform Act of 1978 in order to relieve bankruptcy judges from certain supervisory and administrative tasks. 1 Bankr.Serv.Law.Ed. (Law. Co-op), §§ 2:56–59 (1989). United States Trustees are officials of the executive branch, and serve under the general supervision of the Attorney General. *Id.* at § 2:61. The legislative history to the Bankruptcy Reform Act of 1978 indicates that United States trustees were made a part of the executive branch. (*Id.*, citing H.Rep. No. 95–595 at 110, 115, U.S.Code Cong. & Admin.News 1978, p. 5787.) Since the United States Trustee is an official in the executive branch, he can only be removed from office by the executive branch (11 U.S.C. § 324(a) (West Supp.1992)). The United States Trustee is an official of the United States government and thus is immune from suit under the doctrine of sovereign immunity.

Titsch's failure to sue the United States Trustee under one of the exceptions to sovereign immunity therefore operates as a fatal defect in his case. Defendants correctly point out that Titsch has not met the requirements of the Federal Torts Claims Act ("FTCA"), the statute whose exceptions to sovereign immunity are most likely to benefit him. He has failed to name the United States as a defendant and he has failed to exhaust his administrative reme-

dies pursuant to 28 U.S.C. §§ 1346(b) (1992) and 2675(a) (1992). Since the exhaustion of administrative remedies is a jurisdictional requirement, Titsch's failure to adhere to the requirements of the FTCA divests this court of jurisdiction.

As for the fourth cause of action against Seaboard, it is impossible to determine from Plaintiff's complaint the precise cause of action. Nevertheless, it appears to relate to the allegations of fraud contained in the first three causes of action. Since these causes of action are not sustainable, the fourth cause of action is dismissed for the same reasons as the first three.

*Conclusion*

For the foregoing reasons, Defendants' motions to dismiss Plaintiff's complaint for failure to plead fraud with the specificity required by Rule 9(b) and for failure to state a claim are granted.

It is so ordered.