■ MAX KAHN, Respondent, v HOWARD F. HART et al., Defendants, and JERROLD P. ROSENTHAL et al., Appellants. [704 NYS2d 126] —In an action, *inter alia*, to recover money due on mortgage notes, the defendants Jerrold P. Rosenthal and Rosenthal & Curry appeal from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated March 30, 1999, as denied that branch of their motion which was to dismiss the causes of action to recover damages for legal malpractice as time-barred.

Ordered that the order is reversed insofar as appealed from, with costs, and that branch of the appellants' motion which was to dismiss the plaintiff's causes of action to recover damages for legal malpractice as time-barred is granted.

The plaintiff commenced this action against, among others, the appellants Jerrold P. Rosenthal and Rosenthal & Curry, alleging legal malpractice arising from representation provided in 1987 and 1988 on two loan transactions. The plaintiff alleged that he did not learn until 1998, after defaults on the loans, that the appellants failed to record two mortgages executed to secure the loans. Before issue was joined, the appellants moved, *inter alia*, to dismiss those claims as time-barred. We now grant that relief.

Pursuant to CPLR 214 (6), an action to recover damages for legal malpractice must be commenced within three years of the accrual of the claim. A claim to recover damages for legal malpractice accrues when the malpractice is committed, not when it is discovered (*see, Santulli v Englert, Reilly & McHugh,* 78 NY2d 700; *Glamm v Allen,* 57 NY2d 87; *Kuritzky v Sirlin & Sirlin,* 231 AD2d 607; *Tal-Spons Corp. v Nurnberg,* 213 AD2d 395). Here, the legal malpractice complained of occurred more than three years before the commencement of this action, and the Statute of Limitations was not tolled by the continuous representation doctrine (*see, Santulli v Englert, Reilly & McHugh, supra; Glamm v Allen, supra; Kuritzky v Sirlin & Sirlin, supra; Tal-Spons Corp. v Nurnberg, supra; Luk Lamellen U. Kupplungbau GmbH v Lerner,* 166 AD2d 505). Accordingly, the plaintiff's claims of legal malpractice should have been

dismissed as time-barred. Santucci, J. P., Altman, Friedmann and Goldstein, JJ., concur.