■ PAUL ALICANTI et al., Respondents, v WILLIAM F. BIANCO et al., Appellants, et al., Defendant. [767 NYS2d 815]—

In an action, inter alia, to recover damages for legal malpractice, the defendants William F. Bianco and Bianco & Bianco appeal, as limited by their brief, from so much of an amended order of the Supreme Court, Nassau County (Mahon, J.), dated July 25, 2002, as denied those branches of their motion which were pursuant to CPLR 3211 to dismiss the plaintiffs' first, second, and fifth causes of action asserted in the complaint.

Ordered that the amended order is reversed insofar as appealed from, on the law, with costs, those branches of the appellants' motion which were to dismiss the first, second, and fifth causes of action asserted in the complaint are granted, and those causes of action are dismissed.

The statute of limitations in a legal malpractice action runs from the time of the alleged malpractice, not when it is discovered (*see McCoy v Feinman,* 99 NY2d 295 [2002]; *Glamm v Allen,* 57 NY2d 87 [1982]; *Kahn v Hart,* 270 AD2d 231 [2000]). A client's ignorance of the alleged wrong or injury has no impact upon when the cause of action accrues (*see McCoy v Feinman, supra; King v Albany County Pub. Defender's Off.,* 255 AD2d 770 [1998]).

In this case, the first and second causes of action purported to state legal malpractice claims against the appellants based on tort and contract theories, respectively. The appellants met their initial burden of establishing, prima facie, that the applicable three-year statute of limitations expired before the commencement of this action (*see* CPLR 214 [6]; *Duran v Mendez,* 277 AD2d 348 [2000]; *Savarese v Shatz,* 273 AD2d 219 [2000]; *Assad v City of New York,* 238 AD2d 456 [1997]; *Siegel v Wank,* 183 AD2d 158 [1992]). In opposition, the plaintiffs failed to carry their burden of showing that their case falls within an exception to the statute of limitations (*see Shumsky v Eisenstein,* 96 NY2d 164 [2001]; *Duran v Mendez, supra; Savarese v Shatz, supra; Assad v City of New York, supra).* Accordingly, the Supreme Court erred in denying those branches of the appellants' motion which were to dismiss the first and second causes of action.

The Supreme Court also erred in denying that branch of the appellants' motion which was to dismiss the plaintiff's fifth cause of action, which, in effect, alleged that the appellants violated Judiciary Law § 487 (*see Henry v Brenner,* 271 AD2d 647 [2000]).

The plaintiffs' remaining contentions are without merit. Florio, J.P., Friedmann, H. Miller and Mastro, JJ., concur.