JAMES LYTELL, Respondent-Appellant, v LOUISE LORUSSO et al., Defendants, and RONALD T. LEVINSON et al., Appellants-Respondents. [903 NYS2d 98]—

In an action, inter alia, to recover damages for legal malpractice and fraud, the defendants Ronald T. Levinson and Levinson and Associates, P.C., appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Martin, J.), dated December 18, 2008, as denied that branch of their motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging fraud insofar as asserted against them, and the plaintiff cross-appeals, as limited by his notice of cross appeal and brief, from so much of the same order as granted that branch of the motion of the defendants Ronald T. Levinson and Levinson and Associates, P.C., which was pursuant to CPLR 3211 (a) (5) to dismiss the causes of action alleging legal malpractice.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, that branch of the motion of the defendants Ronald T. Levinson and Levinson & Associates, P.C., which was pursuant to CPLR 3211 (a) (5) to dismiss the causes of action alleging legal malpractice insofar as asserted against them is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff sold his home to the defendants James Hartmann and Louise Lorusso (hereinafter the purchasers) in a transaction arranged by the defendants Ronald T. Levinson and his law firm, Levinson & Associates, P.C. (hereinafter together Levinson). Levinson prepared all of the documents used to effect the

transaction and represented both the plaintiff and the purchasers.

The plaintiff alleged that, by contract of sale dated May 11, 2004, he agreed to sell his property for the sum of $912,500, a sum significantly less than its actual value, in return for a life estate in the property. At the closing, which took place on May 17, 2004, the plaintiff was persuaded to accept part of the purchase price in the form of a promissory note in the amount of $350,631.42. The note, which was signed by one of the purchasers, indicated that it was secured by a mortgage on the property. The life estate was granted by the purchasers in a separate agreement after the plaintiff executed the deed. The plaintiff alleged that Levinson promised to record the life estate agreement and to record the mortgage securing the promissory note.

Approximately two years later, one of the purchasers obtained a loan in the sum of $2,480,000 from an institutional lender which was secured by a mortgage recorded on the subject property. Within the year, and without ever making a payment on the loan, the purchaser defaulted and the bank subsequently commenced an action to take possession of the property and to eject the plaintiff. Levinson had failed to secure the promissory note with a recorded mortgage, and had not recorded the agreement granting the plaintiff a life estate in the property.

On August 3, 2007, the plaintiff commenced this action asserting, among other things, causes of action alleging legal malpractice and fraud. The complaint alleged that Levinson had failed to protect the plaintiff's interests when representing him in the transaction and had failed to disclose the legal consequences of the transaction. The complaint further alleged that Levinson never intended to record the life estate agreement or secure the promissory note with a mortgage on the property because the purchasers did not want the property to appear encumbered when they sought to borrow against the property. The purchasers also failed to repay any portion of the promissory note.

Levinson moved, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (5), contending that the legal malpractice claims were commenced more than three years after the closing date and thus were time-barred (see CPLR 214 [6]). The Supreme Court concluded, inter alia, that the causes of action sounding in legal malpractice accrued at the time of closing and that the continuous representation doctrine did not apply. The Supreme Court determined that all of the causes of action were time-barred except the one premised on fraud.

Assuming that the legal malpractice causes of action accrued more than three years before this action was commenced (*see McCoy v Feinman*, 99 NY2d 295, 301 [2002]; *Ackerman v Price Waterhouse*, 84 NY2d 535, 543 [1994]; *Melendez v Bernstein*, 29 AD3d 872, 872 [2006]; *Alicanti v Bianco*, 2 AD3d 373, 374 [2003]), nevertheless, the complaint adequately alleged that the plaintiff was "left with the reasonable impression that [Levinson] was, in fact, actively addressing [his] legal needs" after the closing date (*Shumsky v Eisenstein*, 96 NY2d 164, 169 [2001]). Thus the "pleading is sufficient to establish that the parties mutually contemplated that [Levinson's] work and representation for [the transaction] would continue after [the closing date] and, therefore, the continuous representation doctrine applies," and the statute of limitations was tolled (*Symbol Tech., Inc. v Deloitte & Touche, LLP*, 69 AD3d 191, 195 [2009]; *see Carnevali v Herman*, 293 AD2d 698, 699 [2002]; *Kahn v Hart*, 270 AD2d 231 [2000]). Levinson failed to demonstrate that the plaintiff knew or should have known that Levinson had stopped representing him in the matter more than three years before the action was commenced (*cf. Santulli v Englert, Reilly & McHugh*, 78 NY2d 700, 709 [1992]). Accordingly, the legal malpractice claims should not have been dismissed since Levinson failed to establish that they were time-barred (*see Zorn v Gilbert*, 8 NY3d 933, 934 [2007]; *730 J & J, LLC v Polizzotto & Polizzotto, Esqs.*, 69 AD3d 704 [2010]; *Town of Wallkill v Rosenstein*, 40 AD3d 972, 974 [2007]). In any event, we further note that "the plaintiff adequately pleaded facts which, if proven, would establish the existence of an equitable estoppel" in this case (*Doe v North Shore Univ. Hosp.*, 28 AD3d 603, 604 [2006]; *see Simcuski v Saeli*, 44 NY2d 442 [1978]; *General Stencils v Chiappa*, 18 NY2d 125 [1966]).

The Supreme Court properly denied that branch of Levinson's motion which was to dismiss the cause of action alleging fraud insofar as asserted against them, for failure to state a cause of action (*see* CPLR 3211 [a] [7]). "[T]he allegations in the complaint describe a case where a defendant has fraudulently and positively as with personal knowledge stated that something was to be done when he knew all the time it was not to be done and that his representations were false" (*Channel Master Corp. v Aluminium Ltd. Sales*, 4 NY2d 403, 407-408 [1958] [internal quotation marks omitted]; *see Braddock v Braddock*, 60 AD3d 84, 90 [2009]; *Romano v Key Bank of Cent. N.Y.*, 90 AD2d 679, 680 [1982]). Moreover, the cause of action alleged in the complaint "is premised upon one or more affirmative, intentional misrepresentations . . . which have caused additional damages, separate and distinct from those generated by the al-

leged malpractice" (*White of Lake George v Bell*, 251 AD2d 777, 778 [1998]; *see Simcuski v Saeli*, 44 NY2d 442, 451-452 [1978]; *Bernstein v Oppenheim & Co.*, 160 AD2d 428, 430 [1990]). Additionally, the assertions in the complaint permit a reasonable inference of the alleged conduct (*see Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d 486, 492 [2008]), and the complaint is otherwise "sufficient to advise [Levinson] of the incidents complained of" (*Union State Bank v Weiss*, 65 AD2d 584, 585 [2009]; *see* CPLR 3116 [b]). Thus the complaint adequately alleged fraud.

The parties' remaining contentions are without merit or have been rendered academic by our determination. Skelos, J.P., Santucci, Angiolillo and Chambers, JJ., concur.