■ GRACE MARJORIE SCOTT, Appellant, v SHERRAN FIELDS et al., Defendants, and KECIA J. WEAVER et al., Respondents. [925 NYS2d 135]—

In an action, inter alia, to recover damages for fraud and conversion, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated May 3, 2010, as (1) granted those branches of the motion of the defendants Stella Azie and Stella Azie, P.C., which were pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against them, (2) granted the separate motion of the defendants Kecia J. Weaver and Kecia J. Weaver, P.C., pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against them, and (3) denied that branch of her cross motion which was pursuant to CPLR 3025 (b) for leave to amend the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff alleges that the defendants conspired to defraud her of her real property by causing her to believe that she was refinancing the mortgage on her home when, in actuality, she was conveying her property to the defendant Sherran Fields. In the complaint filed on March 25, 2009, the plaintiff asserted causes of action sounding in conversion, conspiracy, fraud, implied contract, breach of fiduciary duty, and malpractice. The Supreme Court granted those branches of the separate motions of the defendants Kecia J. Weaver and Kecia J. Weaver, P.C. (hereinafter together Weaver), and the defendants Stella Azie and Stella Azie, P.C. (hereinafter together Azie), which were to dismiss the complaint insofar as asserted against each of them pursuant to CPLR 3211. The Supreme Court also denied that branch of the plaintiff's motion which was pursuant to CPLR 3025 (b) for leave to amend the complaint. We affirm the order insofar as appealed from.

" 'In order to establish a cause of action to recover damages for conversion, "the plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question . . . to the exclusion of the plaintiff's rights" ' " (*Matter of Channel Mar. Sales, Inc. v City of New York*, 75 AD3d 600, 601 [2010], quoting *Messiah's Covenant Community Church v Weinbaum*, 74 AD3d 916, 919 [2010], quoting *Independence Discount Corp. v Bressner*, 47 AD2d 756, 757 [1975]). Here, the complaint fails to state a cause of action to recover damages for conversion against Azie or Weaver because it is not alleged in the complaint, or otherwise set forth in the plaintiff's opposing papers, that Azie or Weaver exercised unauthorized dominion over the plaintiff's real property. Since Azie and Weaver were never in possession of the property, they cannot be held liable to the plaintiff for an alleged conversion of the property. Moreover, as the Supreme Court correctly concluded, "[a]n action sounding in conversion does not lie where the property involved is real property" (*Garelick v Carmel*, 141 AD2d 501, 502 [1988]; *see Dickinson v Igoni*, 76 AD3d 943, 945 [2010]). Thus, the cause of action to recover damages for conversion was properly dismissed insofar as asserted against Azie and Weaver for failure to state a cause of action (*see* CPLR 3211 [a] [7]).

New York does not recognize civil conspiracy to commit a tort as an independent cause of action; rather, such a claim stands or falls with the underlying tort (*see Hebrew Inst. for Deaf & Exceptional Children v Kahana*, 57 AD3d 734, 735 [2008]; *Salvatore v Kumar*, 45 AD3d 560, 563 [2007]). Since the viability of the claim of civil conspiracy in this case was derivative of the underlying tort of conversion, and the latter claim must be dismissed, the cause of action alleging a civil conspiracy also must be dismissed insofar as asserted against Azie and Weaver (*see* CPLR 3211 [a] [7]).

The Supreme Court properly dismissed the cause of action to recover damages for fraud insofar as asserted against Azie and Weaver (*see* CPLR 3211 [a] [7]). In this regard, the complaint alleges that Azie and Weaver "made certain material oral and/or written representations and statements regarding past and/or existing facts regarding the subject property which did not include matters of mere opinion," and that these statements were false, known to be false, were intended to deceive, and that the plaintiff relied upon them to her detriment. However, the plaintiff failed to allege or provide details of any misstatements or misrepresentations made to her specifically by Azie or

Weaver, as required by CPLR 3016 (b) (*id.*). Furthermore, there can be no recovery against Azie for any claimed omissions of fact since "[t]he mere nondisclosure of a material fact, unaccompanied by some deceptive act, does not constitute fraud absent a confidential or fiduciary relationship" (*First Keystone Consultants, Inc. v DDR Constr. Servs.*, 74 AD3d 1135, 1138 [2010]).

While the plaintiff alleges that Weaver, who acted as the plaintiff's counsel during the closing, had a fiduciary relationship to her, she did not adequately allege any act of deception committed by Weaver (*id.*). In any event, the plaintiff's allegation of fraud asserted against Weaver is time-barred. Pursuant to CPLR 213 (8), a six-year statute of limitations period is generally applicable where there would be no injury but for the fraud (*see New York Seven-Up Bottling Co. v Dow Chem. Co.*, 96 AD2d 1051 [1983], *affd* 61 NY2d 828 [1984]; *see also Ruffing v Union Carbide Corp.*, 308 AD2d 526 [2003]). Here, however, the gravamen of the plaintiff's allegations against Weaver is that Weaver did not fulfill her professional duty to protect the plaintiff in the real estate transaction at issue. Thus, the fraud cause of action asserted as against Weaver is merely incidental to the negligence cause of action. Since, in reality, the plaintiff's claims against Weaver allege professional negligence, the fraud cause of action is subject to a three-year statute of limitations applicable to legal malpractice (*cf. Klein v Gutman*, 12 AD3d 417 [2004]). The complaint alleges that the fraud and negligence occurred during the November 25, 2005, closing. The action was not commenced until March 25, 2009. As such, the cause of action alleging fraud is time-barred insofar as asserted against Weaver (*see* CPLR 3211 [a] [5]).

A cause of action predicated on a theory of implied contract or quasi contract is not viable where there is an express agreement that governs the subject matter underlying the action (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388-389 [1987]). Here, there is an express contract of sale that was signed by the plaintiff and Fields, wherein the plaintiff agreed to "sell and convey" the property to Fields for $300,000 (*see* CPLR 3211 [a] [1]). The plaintiff did not dispute that she signed the contract of sale for the conveyance of her property. "[A] party is under an obligation to read a document before he or she signs it, and a party cannot generally avoid the effect of a [document] on the ground that he or she did not read it or know its contents" (*Cash v Titan Fin. Servs., Inc.*, 58 AD3d 785, 788 [2009] [internal quotation marks and citations omitted]). Therefore, the fourth cause of action alleging breach of an

implied contract or the right to recovery in quasi contract was properly dismissed insofar as asserted against Azie and Weaver.

The remaining two causes of action asserted against Weaver, alleging breach of fiduciary duty and professional malpractice, are time-barred. The statute of limitations for a breach of fiduciary duty cause of action depends on the substantive remedy which the plaintiff seeks (*see Loengard v Santa Fe Indus.*, 70 NY2d 262 [1987]). Where the relief sought is equitable in nature, the statute of limitations is six years, and where the relief sought is purely monetary, the statute of limitations is three years (*see Monaghan v Ford Motor Co.*, 71 AD3d 848 [2010]). Here, the cause of action against Weaver alleging breach of fiduciary duty seeks purely monetary damages, and, under the circumstances, a three-year statute of limitations applies. The claimed breach occurred during the closing on November 25, 2005. As such, the cause of action to recover damages for breach of fiduciary duty is time-barred insofar as asserted against Weaver (*see* CPLR 3211 [a] [5]). Similarly, the cause of action to recover damages for professional malpractice were also properly dismissed insofar as asserted against Weaver. The statute of limitations for a legal malpractice claim is three years (*see* CPLR 214 [6]; *Tsafatinos v Lee David Auerbach, P.C.*, 80 AD3d 749 [2011]). The alleged legal malpractice occurred on November 25, 2005, and, as such, the claim of professional negligence, i.e., legal malpractice, is time-barred (*see* CPLR 3211 [a] [5]). Contrary to the plaintiff's contention, the continuous representation doctrine is inapplicable. The complaint did not allege there was a mutual understanding that Weaver's legal representation of the plaintiff would continue after the closing (*cf. Lytell v Lorusso*, 74 AD3d 905 [2010]).

Finally, although leave to amend the complaint should be freely given, a proposed amendment which is palpably insufficient to state a cause of action or is patently devoid of merit should not be allowed (*see Shabazz v Verizon N.Y., Inc.*, 83 AD3d 815 [2011]). Since the proposed amendment was palpably insufficient to state any cause of action and was patently devoid of merit, the Supreme Court properly denied that branch of the plaintiff's cross motion which was for leave to amend the complaint (*id.*).

The plaintiff's remaining contentions are without merit. Covello, J.P., Leventhal, Lott and Miller, JJ., concur. [**Prior Case History: 27 Misc 3d 1228(A), 2010 NY Slip Op 50955(U).**]