(July 8, 1965)

■ JACOB S. LAMPERT et al., Individually and as Copartners Doing Business as SOLTZER-LAMPERT, et al., Appellants, v. SAMUEL I. EDELMAN et al., Individually and as Copartners Doing Business as EDELMAN AND EDELMAN, Respondents. — Summary judgment, dismissing the complaint based on various alleged wrongs, including injurious falsehood and defamation, unanimously modified, on the law; and defendants' motion for summary judgment is denied as to the first and second causes of action, as to which the action is severed, without costs or disbursements to any party. The confusion in this case stems solely from treating it as one only in defamation, that is, as one only for libel or slander. The fact is that it is one for injurious falsehood, insofar as the first and second causes of action are concerned. As Prosser points out the cases in this area go back to the 16th century (Prosser, Torts [3d ed.], p. 938). Of such cases, he says: "For the most part the injurious falsehood cases have been concerned with aspersions upon the title to property, or its quality. Any type of legally protected property interest that is capable of being sold may be the subject of disparagement" (*id.* p. 941). The class of case has untold examples in New York. They are cited by Prosser. (See, also, 35 N. Y. Jur., Libel and Slander,

§ 194 *et seq.*) Restatement, Torts (§ 624) gives the rule as follows: " One who, without a privilege to do so, publishes matter which is untrue and disparaging to another's property in land, chattels or intangible things under such circumstances as would lead a reasonable man to foresee that the conduct of a third person as purchaser or lessee thereof might be determined thereby is liable for pecuniary loss resulting to the other from the impairment of vendibility thus caused." (Cf. *id.* §§ 625–634.) The undisputed facts in this case for the purposes of this motion establish two distinct injurious disparagements of plaintiffs' property: first, that the purported easement of ingress and egress was spurious or doubtful; and second, that the structure upon the property was poorly built. Special damage was alleged, as is essential in this class of case, in the sale of the property in question at a price less by $8,000 than its fair value. Whether in fact plaintiffs will be able to prove such damage on the trial is quite another matter and on that issue the court, of course, does not and may not now pass. Nor does the court pass upon the falsity of the alleged disparagements. As for the qualified privilege asserted by defendants, they had no common interest or other supporting relationship with the broker or the prospective customer, and therefore no privilege existed (see *Shapiro* v. *Health Ins. Plan,* 7 N Y 2d 56, 60–61; Restatement, Torts, § 650; Prosser, *op. cit. supra,* pp. 947–950). The third cause of action however, is insufficient in law. The allegation that a meritless legal action was commenced does not state a cause of action as public policy requires that grievances be brought to court without unnecessary exposure to liability in the event of unsuccessful prosecution (*Miller* v. *Stern,* 262 App. Div. 5, 7). Even in actions for abuse of process the plaintiff may not recover for the ensuing harm to reputation (*Assets Collecting Co.* v. *Myers,* 167 App. Div. 133, 138). The fourth cause of action is also insufficient because it does not permit the inference that plaintiffs were wont to build houses improperly, although the suggestion is that they did so in the particular development (*Harwood Pharmacal Co.* v. *National Broadcasting Co.,* 9 N Y 2d 460, 463; *Marlin Fire Arms Co.* v. *Shields,* 171 N. Y. 384, 389–390; Restatement, Torts, § 573, *Comment* d; Prosser, *op. cit. supra,* p. 777). Concur — Botein, P. J., Breitel, Rabin, Valente and Staley, JJ.