■ HEALTH DELIVERY SYSTEMS, INC., Appellant, v. JACK H. SCHEINMAN, Doing Business as SCHEINMAN AND COMPANY, Respondent. (Action No. 1.) JACK H. SCHEINMAN, Respondent, v. HEALTH DELIVERY SYSTEMS, INC., et al., Appellants. (Action No. 2.) — Appeal by Health Delivery Systems, Inc. (plaintiff in Action No. 1 and a defendant in Action No. 2) and David A. Scheinman and Leonard Green (defendants in Action No. 2) from an order of the Supreme Court, Nassau County; dated November 17, 1972, which (1) denied their motion to dismiss or stay Action No. 2 or to consolidate the actions and (2) directed that the actions be tried jointly, without consolidation. Order reversed, on the law, without costs, and motion, insofar as it is to dismiss the complaint in Action No. 2, granted, with leave to plaintiff therein to move at Special Term for permission to serve an amended complaint repleading so much of the matter in the first cause of action in the present complaint as appears to seek damages for invasion of privacy and for conversion of the files of the plaintiff therein. The second of the two causes of action in the complaint in Action No. 2 seeks damages for breach of an employment contract which in its proposed written form specifically states that its duration is to be

three years. Since the plaintiff therein, Jack H. Scheinman, acknowledges that the proposed contract was never signed by the representatives of Health Delivery Systems, Inc., the employer, the contract is unenforceable under the Statute of Frauds (General Obligations Law, § 5–701, subd. 1). Nothing short of full performance by both parties of an oral contract of employment will take the agreement out of the statute (*Tyler* v. *Windels*, 186 App. Div. 698). The first cause of action in the complaint in Action No. 2 is characterized by this plaintiff as one to recover for the "tort of conspiracy". There is no such tort and allegations of conspiracy are immaterial except insofar as they tend to connect each defendant with an actionable injury (see *Brackett* v. *Griswold*, 112 N. Y. 454; *Green* v. *Davies*, 182 N. Y. 499, 504; *Hutchins* v. *Hutchins*, 7 Hill 104). We have examined the many claims set forth in this cause of action and, despite the liberality of construction mandated by CPLR 3026, we find none of them sufficient, separately or in any combinations, to state a cause of action. Specifically with respect to the claim that the omission to sign the proposed contract was a product of the conspiracy, we add that plaintiff Jack H. Scheinman cannot succeed by indirection where he cannot succeed directly, for, as we stated above, the alleged contract is void and unenforceable under the Statute of Frauds. Furthermore, the allegations fail to state a cause of action in libel or slander. CPLR 3016 (subd. [a]) requires that in such a cause the particular words complained of shall be set forth in the complaint. Where no attempt has been made to set forth the alleged slander or libel *in haec verba*, the cause must be dismissed (*Laiken* v. *American Bank & Trust Co.*, 34 A D 2d 514). However, there are allegations in the complaint in Action No. 2 which appear to claim that the defendants therein entered plaintiff Jack H. Scheinman's office, searched his files and made telephone calls to his contacts. Under these circumstances, Jack H. Scheinman may have causes of action for invasion of privacy and for conversion. Accordingly, leave to apply to Special Term for permission to replead this matter is granted herein if he be so advised. Hopkins, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.