■ ASSOCIATED COAL SALES CORP. et al., Appellants-Respondents, v JOSEPH T. HUGHES, and THYSSEN INCORPORATED et al., Respondents-Appellants.—Judgment, Supreme Court, New York County, entered March 8, 1978, unanimously affirmed and the order entered March 2, 1978, unanimously modified, on the law, to the extent of dismissing the first cause of action against "Thyssen", deleting the words "to breach the Thyssen Agreement and" from the second cause of action against "Thyssen", deleting the words "the Thyssen Agreement, other" from the third cause of action against "Thyssen", and striking paragraphs 39 and 40 of the first cause of action against Thyssen, Inc., and otherwise affirmed, all with $60 costs and disbursements assessed against the plaintiffs. While the collective reference in the amended complaint to August Thyssen-Hutte Aktiengesellschaft (ATH), a German corporation, and Thyssen, Inc., a New York corporation, as "Thyssen" makes it difficult to determine which of these entities is being alluded to, plaintiffs' affidavits and affirmations make it apparent none of the allegedly wrongful acts complained of are attributable to ATH and that the complaint asserts no cause of action against it. Even if Thyssen, Inc., be presumed to be a "division" of ATH and a wholly owned subsidiary of a subsidiary thereof, the fact remains Thyssen, Inc., is a corporation separate and distinct from ATH. Additionally plaintiffs do not, nor in good faith could they, put forward any claim of fraud or illegality in the incorporation of Thyssen, Inc., so that a piercing of the corporate veil is unwarranted. (See, e.g., *Bartle v Home Owners Co-op.,* 309 NY 103.) There being no basis for exerting jurisdiction over ATH the amended complaint, as to it, was properly dismissed. The first cause of action and that portion of the second cause of action against "Thyssen" which is predicated on the so-called "Thyssen Agreement", an unsigned, but claimed, exclusive five-year agency agreement between Associated Coal Sales Corp. and Thyssen, Inc., must also be dismissed for the agreement may not be proved as it is barred by the Statute of Frauds. The clause giving Associated the right, after termination of the contract, to commissions or bonuses "pursuant to renewal or modification" of export orders or supply commitments made before expiration or termination brings the contract squarely within the statute's prohibition, for such renewals or modifications could continue indefinitely. *(North Shore Bottling v Schmidt & Sons,* 22 NY2d 171, 178.) We also observe that plaintiffs' claim of partial performance does not nullify that ban. (See, e.g., *Tyler v Windels,* 186 App Div 698, affd 227 NY 589; *Health Delivery Systems v Scheinman,* 42 AD2d 566.) The second cause of action against "Thyssen", to the extent it alleges "Thyssen" sought to conspire and did conspire with Hughes to breach the agreement is also proscribed by the principle which precludes a contracting party from alleging a conspiracy to

breach the contract. Notwithstanding it is quite clear from plaintiffs' moving papers that the only corporate opportunities and benefits belonging to Associated that "Thyssen" could have appropriated were those related to the "Thyssen Agreement" nonetheless we are limited by *Rovello v Orofino Realty Co.* (40 NY2d 633, 636), to excising from the second cause of action against "Thyssen" only the words "to breach the Thyssen Agreement and" and from the third cause of action against "Thyssen", the words "the Thyssen Agreement, other". Paragraphs 39 and 40 of the first cause of action against Thyssen, Inc. also fail to state a cause of action. The gravamen of a conspiracy claim is the underlying wrong and the injury to a plaintiff resulting from that act. (8 NY Jur, Conspiracy, §§ 4, 6.) Having rejected the use of Associated as a possible funnel for allegedly illicit payments for the benefit of "Thyssen" the underlying wrong complained of never occurred. Indeed plaintiffs do not even allege they suffered any harm from their refusal to permit Associated to be used for making any such payments. Concur—Birns, J. P., Evans, Lane and Yesawich, JJ.