■ MASTRO JEWELRY CORP., Respondent, v ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellant, et al., Defendants.—Order, Supreme Court, New York County, entered November 3, 1978, denying defendant's motion to dismiss the second and third causes of action, unanimously reversed, on the law, with costs and disbursements, and the motion granted. Plaintiff claims a loss under a jeweler's block policy issued by defendant St. Paul Fire and Marine Insurance Co. The first cause of action, asserting contractual breach, seeks $400,000, the policy limit. In the second cause of action plaintiff seeks $1,000,000 in damages, asserting a conspiracy to defraud it of the proceeds of the policy. There is, of course, no substantive tort of conspiracy. (Health Delivery Systems v Scheinman, 42 AD2d 566, 567; Egan Real Estate v McGraw, 40 AD2d 299; Goldstein v Siegel, 19 AD2d 489.) The cause of action arises from the acts committed in furtherance of the conspiracy. (See Hutchins v Hutchins, 7 Hill 104.) Thus, stripping the second cause of its label, we find it legally insufficient. "It is a long-established doctrine that one does not have a cause of action against another contracting party for conspiracy to breach the agreement between them" (Bereswill v Yablon, 6 NY2d 301, 306; see, also, Miller v Vanderlip, 285 NY 116). In the third cause of action plaintiff seeks punitive damages of $1,000,000. A separate cause of action for punitive damages, however, does not exist. Punitive damages merely constitute "an element of the single total claim for damages". (Gill v Montgomery Ward & Co., 284 App Div 36, 41; also Knibbs v Wagner, 14 AD2d 987.) Moreover, as pleaded, the complaint in this regard is defective because it fails to state in detail the circumstances constituting the wrong alleged, as is required by CPLR 3016 (subd [b]). Nor is there any evidentiary showing made in support of such a cause of action to justify the grant of leave to replead. (See CPLR 3211, subd [e].) Concur—Murphy, P. J., Sullivan, Markewich, Lupiano and Silverman, JJ.