■ METRO ENVELOPE CORP., Respondent-Appellant, v WESTVACO, Appellant-Respondent.—Order, Supreme Court, New York County, entered March 15, 1979, which, inter alia, denied defendant's motion for partial summary judgment dismissing the first and second causes of action in the complaint and for summary judgment upon its counterclaim, unanimously modified, on the law and in the exercise of discretion, to the extent of striking the provisions for severance of the third and fourth causes of action in the complaint and allowing plaintiff leave to replead, without prejudice to plaintiff's seeking leave to replead before Special Term within 20 days after service of a copy of our order with notice of entry, and, as so modified, affirmed, without costs and disbursements. The applicability of section 2-207 of the Uniform Commercial Code to the transaction herein is, on this record, a mixed question of law and fact, and Special Term properly determined to deny defendant's motion for summary judgment dismissing the first and second causes of action and for summary judgment upon its counterclaim. As to the dismissal of plaintiff's third and fourth causes of action pursuant to CPLR 3211 (subd [a], par 7) for failure to state a cause of action, Special Term improvidently granted leave to plaintiff to replead. Pursuant to CPLR 3211 (subd [e]), plaintiff, as the opposing party desirous of leave to plead again in the event the motion is granted, was required to so state in its opposing papers. This omission, coupled with plaintiff's failure to submit any extrinsic proof of the validity of its claims embraced within the third and fourth causes of action, impels, on this record, the conclusion that leave to

replead should not have been granted (see *Cushman & Wakefield v David, Inc.,* 25 AD2d 133). However, the defects of pleading regarding the third and fourth causes may be the result of draftsmanship, and the circumstances warrant affording to plaintiff an opportunity to seek leave to replead. The severance directed by Special Term is improper, there being no prejudice shown or convenience to be served which would warrant such direction. Concur—Birns, J. P., Fein, Sullivan, Markewich and Lupiano.