■ PATRICK J. CUNNINGHAM, Respondent, v CHARLES HAGEDORN et al., Appellants. PATRICK J. CUNNINGHAM, Respondent-Appellant, v CHARLES HAGEDORN et al., Appellants-Respondents. PATRICK J. CUNNINGHAM, Respondent, v CHARLES HAGEDORN et al., Appellants.—Appeal from an order of the Supreme Court, New York County, entered July 3, 1978, dismissed as moot. Order of the Supreme Court, New York County (Appeal No. 6311N), entered June 18, 1979, granting so much of defendants' motion as sought to expunge from the file the *in camera* affidavit submitted pursuant to the court's order entered January 26, 1978 and expunged Part I thereof and· denied so much of the motion as sought dismissal of the third amended complaint, modified, on the law, to the extent of dismissing the second, fourth and fifth causes of action of the third amended complaint, with leave to serve a further amended complaint properly repleading the fourth and fifth causes of action, and, except, as so modified, affirmed, without costs. Order of the Supreme Court, New York County, entered January 26, 1979, denying defendants' motion to dismiss the second and fourth causes of action and granting the motion conditionally with respect to the sixth cause of action, modified, on the law, to the extent of dismissing the second, fourth and sixth causes of action with leave to serve a further amended complaint properly repleading the fourth and sixth causes of action, and, except, as so modified, affirmed, without costs. This action arises out of the indictment of plaintiff and others on June 4, 1976. The indictment was obtained by Special Prosecutor Maurice H. Nadjari. In March, 1977, Justice Sandler, then sitting at Trial Term, in a most comprehensive opinion, dismissed the indictment as to this plaintiff, with leave to the Special Prosecutor to represent the matter to a Grand Jury other than the Grand Jury which found the indictment. In the course of his opinion, Justice Sandler noted, with respect to specific evidence presented to the Grand Jury, that "the Assistant Special Prosecutor violated here, as throughout the presentation, his obligation to 'act impartially in the interest only of justice' [citation omitted]". The evidence presented to the Grand Jury consisted, in large part, of testimony given by defendants and transcripts of tape recordings of conversations had between plaintiff and others, with defendant. Inasmuch as the transcripts were voluminous, they were edited, and plaintiff asserts that the editing resulted in a presentation both unfair and detrimental to him. No representation was ever made to a Grand Jury. This action was then commenced. In the second amended complaint, plaintiff alleged six causes of action. These counts, in the sequence set forth in the complaint, allege: (1) malicious prosecution; (2) conspiracy to commit malicious prosecu-

tion; (3) abuse of process; (4) prima facie tort; (5) violation of civil rights and of the right of privacy; and (6) injurious falsehood. Defendants moved to dismiss the second, fourth and sixth causes of action and to compel plaintiff to separately state and number and make more definite and certain, the allegations of the fifth cause. Special Term denied the motion as to the second and fourth counts. He granted the motion with respect to the fifth cause. As to the sixth count, plaintiff asserted that the specific utterances essential to the cause of action for injurious falsehood could not be alleged in the complaint because this information was contained in certain papers made available to him by order of Justice Ernest H. Rosenberger and that the order permitted only their *in camera* use upon "any pretrial motions or applications". Accordingly, the sixth cause was dismissed without prejudice to repleading upon condition that the requisite intent be set forth and the specific utterances relied upon be submitted to the court in an *in camera* affidavit which thereafter was to be sealed to safeguard the parties. Defendants appealed from so much of this order as denied their motion to dismiss the second, fourth and sixth causes of action. Plaintiff thereupon submitted the *in camera* affidavit and served his third amended complaint. The first four causes of action track the first four counts of the second amended complaint. The fifth cause of action contained in the second amended complaint is omitted from the third amended complaint. The sixth count in the second amended complaint, buttressed by the necessary allegations of intent and the *in camera* affidavit became the fifth cause of action in the third amended complaint. Defendants thereupon moved to expunge the *in camera* affidavit and to dismiss the third amended complaint upon the ground that it did not comply with the prior order of the court. Special Term granted the motion to the extent only of expunging Part I of the affidavit. Both sides have appealed from that order; plaintiff from so much thereof as expunged Part I and defendants from so much thereof as refused to expunge the balance of the affidavit and from the denial of their motion to dismiss the complaint. Plaintiff thereafter moved to examine defendants before trial. Defendants moved for a protective order to stay the examinations until the appeals from the pleadings motions were disposed of. Special Term granted the motion and denied the cross motion. Defendant appealed from that order and sought a stay of examinations pending determination of the appeals. This court granted the requested stay. At the outset, we note that we have requested the *in camera* affidavit and that it has been furnished to us. We treat first with the appeal from the discovery order. Special Term granted plaintiff the right to examine defendants before trial and fixed a time and place therefor. We stayed that order pending disposition of the appeals from the motions addressed to the pleadings. Since those appeals will be disposed of by this memorandum, the stay will be lifted automatically and, absent further order, plaintiff will be entitled to proceed with his examination. This appeal is, therefore, moot. In dealing with the motions addressed to the second amended and third amended complaints, we consider both together. Preliminarily, we note that ordinarily a motion addressed to the second amended complaint would be rendered academic by the service of the third amended complaint. However, that is not here the case, for the objection to the third amended complaint is premised on the claim that it ought be dismissed because it does not comply with the direction contained in the January, 1979 order of Special Term. Were we to deal only with that objection, we would invite further motions and appeals. We choose not to do so. Initially, we concern ourselves with the two questions raised with respect to the third amended complaint. Special Term

expunged from the *in camera* affidavit only Part I thereof. In so doing, we think he acted properly. In the main, that portion of the affidavit consists of a taped conversation between two investigators on the staff of the Special Prosecutor interchanging their opinions of Charles Hagedorn. It was properly characterized by Special Term as a "gutter dialogue" and has no place in the record. With respect to the balance of the affidavit, in the main it deals with conversations between Cunningham and Hagedorn including the efforts of Hagedorn to entrap Cunningham into an admission that he, Cunningham, made a statement which throughout Cunningham insisted he never made. In other parts it deals with conversations had between the Hagedorns and a member or members of the Special Prosecutor's staff dealing with what might be submitted to the Grand Jury. In sum, it consists of material which might well support a cause of action for malicious prosecution or defamation. Hence, Special Term properly held that it ought not be stricken. We come then to the specific causes of action set forth in the amended complaints. The second cause of action in both complaints is bottomed on an alleged conspiracy maliciously to prosecute the plaintiff. We may start with the premises that there is no substantive tort of conspiracy (*Mastro Jewelry Corp. v St. Paul Fire & Mar. Ins. Co.,* 70 AD2d 854; *Health Delivery Systems v Scheinman,* 42 AD2d 566). The allegation of conspiracy is permitted only to connect the actions of the separate defendants with an actionable injury and to show that these acts flowed from a common scheme or plan. (*Green v Davis,* 182 NY 499; *Health Delivery Systems v Scheinman, supra.*) Here, the first cause of action alleges malicious prosecution. Indeed, it avers that defendants "intentionally conspired with each other and others to testify falsely before the Grand Jury". The second count adds nothing and, to the extent that it is cognizable in law, is duplicative of the first cause. Accordingly, it is dismissed. The fourth count in both complaints purports to allege a prima facie tort, i.e., the intentional infliction of injury resulting in damage without excuse or justification by an act or acts otherwise lawful. Basic to the assertion of a prima facie tort is the allegation of special damages (*ATI, Inc. v Ruder & Finn,* 42 NY2d 454; *Ruza v Ruza,* 286 App Div 767). Here, the damages alleged by the plaintiff are general in nature. The particularity required of a prima facie tort is not present. Accordingly, the cause, as set forth, is defective. It may well be that plaintiff is able to sufficiently particularize his damage so as to pass muster. Accordingly, we grant leave to replead this cause of action. The sixth count in the second amended complaint purports to allege a cause of action founded in "injurious falsehood". The action for injurious falsehood lies when one publishes false and disparaging statements about another's property under circumstances which would lead a reasonable person to anticipate that damage might flow therefrom (*Lampert v Edelman,* 24 AD2d 562). The acts set forth in the *in camera* affidavit might well support an action for defamation. However, they do not concern themselves with plaintiff's property. Hence, they may not be the subject of an action for injurious falsehood. Accordingly, this cause of action must be dismissed. However, since an action in defamation may be spelled out, leave to replead is granted if an action in defamation is not barred by the Statute of Limitations. Concur—Birns, J. P., Fein and Bloom, JJ.

Silverman, J., dissents in part in a memorandum as to Appeal No. 6311N, as follows: I agree with the majority except that I would not at this time grant leave to plaintiff to serve a further amended complaint with respect to the fourth and fifth causes of action in the third amended complaint; instead I would make our determination without prejudice to an application

for such leave to be made at Special Term on compliance with the requirements of CPLR 3211 (subd [e]), and upon submission of a satisfactory proposed fourth amended complaint. CPLR 3211 (subd [e]) provides, with respect to leave to replead after the grant of a motion to dismiss for failure to state a cause of action: "if the opposing party desires leave to plead again in the event the motion is granted, he shall so state in his opposing papers and may set forth evidence that could properly be considered on a motion for summary judgment in support of a new pleading; leave to plead again shall not be granted unless the court is satisfied that the opposing party has good ground to support his cause of action or defense; the court may require the party seeking leave to plead again to submit evidence to justify the granting of such leave." I do not see how the court can be satisfied that the plaintiff has good ground to support his proposed amended cause of action without even knowing what it is that he proposes to state in his amended complaint or seeing some evidentiary support for it. (See *Bautista v Chase Manhattan Bank, N. A.,* 72 AD2d 539; *Metro Envelope Corp. v Westvaco,* 72 AD2d 502.) One of the purposes of this provision of CPLR 3211 (subd [e]) was to put some restriction on the wasteful former practice of repeated motions addressed only to the face of a pleading with repeated leaves to amend to see whether plaintiff could finally frame some kind of facially sufficient cause of action. This provision of CPLR 3211 (subd [e]) "was designed to remove the major objection to such motions—*i.e.,* the liberality with which leave is granted to plead over—by requiring the opposing party to show that he has good ground to support his claim or defense even if he has not stated it, before leave to replead will be granted." (4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.31; see, also, Fifth Preliminary Report on Revision of Civil Practice Act, Legislative Document No. 15, 1961, p 487.) While the court is given some discretion as to whether to require evidentiary support, this appears to me to be a proper case for requiring it. We are here dealing with the insufficiency of a *third* amended complaint. I think we should not, without further inquiry by a court, grant leave to serve a fourth amended complaint. The affidavits do not furnish sufficient evidentiary support for a further pleading.