■ E. TIMOTHY DANAHY, III, Respondent, v HAROLD F. MEESE, Appellant, et al., Defendants. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: This litigation arises out of an incident in which defendant Meese ordered a computer terminal from Corson Computer Corporation, Inc. in Tonawanda, New York, and paid $2,873.20 for it. Corson was in financial difficulty at the time and after defendant forwarded his money to it, but before he received his computer,

Manufacturers and Traders Trust Co., a creditor, seized the company's assets, including defendant's check. Plaintiff Moxley is an officer of Manufacturers and Traders Trust Co. and plaintiff Danahy was treasurer of Corson. Defendant, believing that the two men acted in concert to bilk him of his money, brought a civil action in fraud against them and he thereafter went to the District Attorney and requested that he prosecute them for grand larceny. When the District Attorney refused to submit the case to the Grand Jury, defendant went to defendants Fechter and Birner, officers of the State Police, and they, in turn, took him to a Justice of the Peace who issued a warrant for plaintiffs' arrests. The criminal charges were subsequently dismissed for insufficient evidence. These actions by plaintiffs followed. They seek to recover damages from defendant Meese, appellant herein, and defendants Fechter and Birner on multiple theories of liability. Plaintiff Moxley alleges 15 causes of action, and plaintiff Danahy alleges seven. Defendant has maintained throughout the litigation that the criminal charges were substantiated by various documents and letters and by tape recordings of conversations between the plaintiffs and between himself and the plaintiffs proving their intent to defraud him. After issue was joined, plaintiffs moved to depose defendant and for discovery of this documentary evidence. The original notice to produce was too broad, but after the examination of defendant, plaintiffs properly itemized the matters to be produced and notified defendant that unless he produced it they would move to have his answer stricken. When defendant failed to produce the material, plaintiffs moved to strike his answers pursuant to CPLR 3126. Defendant submitted a cross motion seeking to dismiss the plaintiffs' complaints pursuant to CPLR 3211 (subd [a], pars 1, 7), for a protective order, and for judicial supervision of further disclosure. It appears that the evidence plaintiffs seek to discover was considered by the State Police and the issuing magistrate before issuance of the warrant and in support of it. It is material and relevant to the actions, therefore, and since defendant has offered no excuse for his failure to comply, the conditional order to strike his answers was properly granted. Contrary to defendant's contentions, the material was not privileged for any statutory reason and judicial supervision of the discovery was not warranted under the circumstances. Considering next defendant's motion to dismiss, the motion pursuant to CPLR 3211 (subd [a], par 1), a defense founded on documentary evidence, is untimely and was properly denied (CPLR 3211, subd [e]). In considering the motions to dismiss for failure to state a cause of action, we accept the allegations of the complaints as true, as we must, for purposes of this pretrial motion (see *219 Broadway Corp. v Alexander's, Inc.*, 46 NY2d 506, 509). The first causes of action in both complaints seeking damages for malicious prosecution are sufficiently pleaded (see *Broughton v State of New York*, 37 NY2d 451, cert den *sub nom. Schanbarger v Kellogg*, 423 US 929). The seventh causes of action in both complaints sound in libel. Plaintiffs allege that defendant libeled them by maliciously preparing, publishing and mailing to the United State Comptroller of the Currency a letter and affidavit charging them with the commission of a crime. Defendant contends that the material was absolutely privileged because sent to an administrative agency possessing quasi-judicial power to regulate the banks (see *Toker v Pollak*, 44 NY2d 211, 221-222). The Comptroller of Currency had no jurisdiction to issue cease and desist orders involving member State banks, however, and the privilege was, at best, qualified. That being so, plaintiffs are entitled to a trial to attempt to establish facts proving malice (see *Martin v City of Albany*, 42 NY2d 13, 17). The seventh causes of action in each complaint are therefore sufficiently pleaded. Plaintiff Moxley's ninth and plaintiff Danahy's fifth causes of action in libel concern a newspaper article which reported an interview in which defendant, disputing the District

Attorney, asserted that there was sufficient evidence to charge plaintiffs with grand larceny and that the magistrate issuing the arrest warrant had so determined. The statement is libelous (see *Weiner v Vogel,* 18 AD2d 748; Restatement, Torts, 2d, § 571) and defendant's claim of truth presents only factual issues for trial. Plaintiff Danahy's second cause of action claiming abuse of process alleges that the warrant of arrest was issued for a malicious and unlawful purpose to induce plaintiff to settle defendant's civil claim for damages on terms more favorable to him. The cause of action is sufficiently stated (see *Board of Educ. v Farmingdale Classroom Teachers Assn. Local 1889, AFT AFL-CIO,* 38 NY2d 397, 403). The remaining causes of action pertaining to this defendant (plaintiff Moxley's fourth, fifth, sixth, eighth and tenth through fifteenth; plaintiff Danahy's third, fourth and sixth causes of action) are dismissed. In plaintiff Moxley's second, fourth, sixth and eighth causes of action he alleges a civil conspiracy to commit the various torts alleged in other causes of action contained in the complaint, i.e., malicious prosecution, false arrest, libel. There is no substantive tort of civil conspiracy, however (see *Cunningham v Hagedorn,* 72 AD2d 702). Allegations of conspiracy are permitted only to show that the tortious acts flowed from a common scheme or plan and to connect each defendant with an actionable injury (see *Cunningham v Hagedorn, supra; Health Delivery Systems v Scheinman,* 42 AD2d 566; *Egan Real Estate v McGraw,* 40 AD2d 299, 304; and cf. *Satin v Satin,* 69 AD2d 761; *Chase Manhattan Bank N.A. v Perla,* 65 AD2d 207). The gravamen of the conspiracy action is the underlying wrong and the injury that results to plaintiff from it. The conspiracy causes of action in plaintiff's complaint, however, allege nothing more than the agreement with a codefendant to commit the substantive tort previously alleged. The agreement itself is not actionable (see *Associated Coal Sales Corp. v Hughes,* 64 AD2d 562, 563; see, also, 8 NY Jur, Conspiracy, § 8), and if the conspiracy causes of action are allowed, plaintiff, having recovered on the substantive tort, would then be permitted a duplicative recovery on the conspiracy causes of action with the proof of nothing additional other than the agreement. Plaintiff Moxley's fifteenth cause of action seeks to recover for intentional infliction of emotional distress. It adds nothing to the damages recoverable in the prior valid causes of action and is dismissed (see *Liffman v Booke,* 59 AD2d 687, 688). Plaintiff Moxley's third cause of action and Danahy's third cause of action seeking to recover for false imprisonment are dismissed because they fail to allege that the arrest warrant was void on its face or illegal and that defendants knew or should have known it was (see *Matter of Williams v City of Hudson,* 69 AD2d 921, 922; cf. *Conkey v State of New York,* 74 AD2d 998; *Boose v City of Rochester,* 71 AD2d 59). That being so, the appropriate form of action is malicious prosecution, not false arrest or imprisonment (see *Broughton v State of New York, supra,* pp 457-458). Plaintiff Moxley's fifth and plaintiff Danahy's sixth cause of action sounding in libel are insufficient because there was no publication of the alleged libel. Plaintiff Moxley's fourteenth cause of action in libel is insufficient because the statement was absolutely privileged (see *Martirano v Frost,* 25 NY2d 505, 507-508). Plaintiff Moxley's remaining causes of action sound in libel and slander and are insufficient for lack of particularity (see *Randaccio v Retail Credit Co.,* 43 AD2d 798, 799; *Gardner v Alexander Rent-A-Car,* 28 AD2d 667). The order is modified accordingly, and also by striking the second ordering paragraph. If defendant shall comply with the notice to produce within 30 days of the entry and service of the order herein, the order appealed shall be further modified by deleting the first ordering paragraph thereof striking defendant's answers. (Appeal from order of Erie

Supreme Court, Mintz, J. — strike answer — summary judgment.) Present — Dillon, P. J., Simons, Callahan, Denman and Moule, JJ.