■ 105 EAST SECOND STREET ASSOCIATES, Appellant, v JOY BOBROW, as Register of the City of New York, et al., Respondents. EXTRA FOUR, L. P., et al., Counterclaim Plaintiffs-Respondents, v PAUL M. BALME et al., Counterclaim Defendants-Appellants.—Judgment, Supreme Court, New York County (Edward J. Greenfield, J.), entered April 26, 1990, to the extent that it limited compensatory damages on the counterclaims to $73,563.55 and punitive damages to $125,000, unanimously reversed, on the law, and remanded for new trial on these elements of damages, without costs.

The parties to the appeal and cross-appeal are, respectively, three limited partnerships (Extra Four, L. P.; Extra One, L. P.; and East Side Renaissance Associates [the "counterclaim plaintiffs"]) and their general partner (Paul M. Balme) and his two alter egos (Trafalgar Properties, Inc. and general partnership 105 East Second Street Associates [the "counterclaim defendants"]). The dispute involves a breach of fiduciary duty in the unauthorized mortgaging of certain partnership property by the general partner. In an earlier order from which no appeal was taken, the counterclaim plaintiffs were granted summary judgment and the case was set down for an assessment of damages. At that trial, evidence was adduced that the counterclaim plaintiffs had been inhibited from selling the properties in question during the period February to October 1989, by reason of the cloud on title created by the mortgage, and that the properties decreased in value during that period by some $235,000. As a result, the counterclaim plaintiffs suffered damages in the form of diminution of value, operating losses and substantial legal fees incurred in clearing title.

The IAS court limited compensatory damages to recovery for "legal expenses necessitated by the interposition of the invalid mortgage", in the unexplained amount of $73,563.55. No damages were awarded for diminution of value or for operating losses because, as the IAS court noted, the properties were not unmarketable, leading to the inference that losses could have been avoided by earlier disposition of the properties. We hold that the application of this standard was inappropriate.

The measure of damages for breach of fiduciary duty is the

amount of loss sustained, including lost opportunities for profit on the properties by reason of the faithless fiduciary's conduct *(Bruno Co. v Friedberg,* 21 AD2d 336). Furthermore, the counterclaims, on which summary judgment was granted to the counterclaim plaintiffs, spelled out the connection between Balme's breach of fiduciary obligation and the illegal encumbrance, the recording of which constituted slander of title. An important factor in determining the amount of damages for such disparagement of property is the resultant impairment of vendibility *(Lampert v Edelman,* 24 AD2d 562). The fact that the properties may have been marketable should not have deprived the counterclaim plaintiffs of compensation to the extent that vendibility was impaired.

Generally speaking (with the notable exception of per se libel actions), a viable cause of action for compensatory damages, even if nominal, is a prerequisite for an award of punitive damages, and the two recoveries are most often interdependent *(see, e.g.,* 36 NY Jur 2d, Damages, § 174; McCormick, Damages § 83, at 293-294). It follows that if the trier of facts is to reconsider the scope of compensatory damages, it should likewise be free to reassess the award of punitive damages.

We have reviewed the other issues raised on this appeal and cross-appeal, and find them to be without merit. Concur—Murphy, P. J., Carro, Wallach, Kupferman and Smith, JJ. *[See,* 176 AD2d 483.]