Janet and Joseph **SACKMAN**, Plaintiffs,

v.

**LIGGETT GROUP, INC.,** Defendant.

No. 93 CV 4166 (ADS).

United States District Court,
E.D. New York.

June 9, 1997.

Humphrey, Farrington & Mcclain, P.C., Independence, MO, for Plaintiffs; Kenneth B. McClain, Gregory, Leyh, of counsel.

Kelly, Sackman, Spollen & Upton, Greenlawn, NY, for Plaintiffs; David Sackman, of counsel.

Kasowitz, Benson, Torres & Friedman, New York City, for Defendant; Michael M. Fay, Aaron H. Marks, of counsel.

Debevoise & Plimpton, New York City, for Intervenors Council for Tobacco Research, U.S.A., Inc.; Steven Klugman, Harry Zirlin, of counsel.

Wachtell, Lipton, Rosen & Katz, New York City, for Intervenors Philip Morris, Inc.; Herbert M. Wachtell, Peter C. Hein, David M. Murphy, of counsel.

Chadbourne & Parke, New York City, for Intervenor Brown & Williamson Tobacco Corp.

Jones, Day, Reavis & Pogue, New York City, for Intervenor R.J. Reynolds Co.

Shook, Hardy & Bacon, Kansas City, MO, for Intervenor Lorillard Tobacco Co.; Billy Randles, of counsel.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge:

This lawsuit arises from the claims of the plaintiffs, Janet Sackman ("Sackman" or the "plaintiff") and her husband Joseph Sackman ("Joseph" collectively the "plaintiffs") against the defendant Liggett Group, Inc. ("Liggett" or the "defendant") based on personal injuries sustained by the plaintiff which she contends were the result of her smoking cigarettes manufactured by the defendant. According to the plaintiffs, Liggett concealed information regarding the health risks of smoking. As a result, Sackman asserts that she continued to smoke, unaware of the attendant dangers, and she was diagnosed with lung cancer in 1990 Presently before the Court is the motion of the defendant for summary judgment with respect to the plaintiffs' Eighth Count contained in the First Amended Complaint ("Amended Complaint") alleging a claim for civil conspiracy.

### I. *Background*

The facts underlying this lawsuit are set forth in this Court's Memorandum of Decision and Order dated May 25, 1996. *See Sackman v. Liggett Group, Inc.*, 167 F.R.D. 6, 9–10 (E.D.N.Y.1996) (*"Sackman I"*). Familiarity with this decision is presumed and the detailed facts will not be repeated. The Amended Complaint alleged claims for products liability, negligence, breach of warranty, fraud, civil conspiracy and loss of consortium. In *Sackman I*, the Court granted Liggett's first motion for summary judgment based on statute of limitations grounds, in part. The Court dismissed the plaintiffs' claims grounded in fraud and breach of warrant and denied the motion with regard to the Sackmans' claims based on negligence, products liability

and loss of consortium. For reasons set forth in the record on August 23, 1996, Sackman's civil conspiracy claim was not addressed. At a result, the Court granted the defendant leave to file second motion for summary judgment with respect to this claim

The allegations contained in Count Eight are as follows:

### *EIGHTH COUNT*

45. Plaintiff Janet Sackman repeats the allegations contained in paragraphs 1 through 44 of this First Amended Complaint as if set forth fully in this Count, and alleges:

46. Defendant Liggett Group, Inc., as a member of the tobacco industry was or should have been at all times relevant to the events described in this Complaint, in possession of medical and scientific data indicating that the use of its cigarettes was hazardous to the health of consumers, but, because of pecuniary motives, defendant Liggett Group, Inc. ignored and failed to act upon the pertinent medical and scientific data and conspired to deprive the public, and particularly the consumers of the defendant's product, of the pertinent medical and scientific data.

47. Defendant Liggett Group, Inc.'s failure to communicate to the public scientific facts in its possession, and its collaboration with others in the tobacco industry to misrepresent fact constitute overt actions to keep the public ignorant of hazards associated with tobacco smoking.

48. As a direct and proximate result of defendant Liggett Group, Inc.'s willful, wanton and conspiratorial acts and omissions, gross negligence, conscious indifference and utter disregard for the life, health, safety and welfare of the plaintiff, Janet Sackman, has developed lung cancer, was caused to sustain other personal injuries, has undergone and in the future will undergo great pain and suffering, was and is unable to attend to her usual occupation and activities was and in the future will be required to spend money for medical care and has sustained and will sustain other losses.

WHEREFORE, plaintiff Janet Sackman demands punitive damages against defendant Liggett Group Inc., together with interest and costs of suit.

According to the plaintiffs, these allegations allege a claim for conspiracy to market a defective product

## II. *Discussion*

### A. *Summary judgment standard*

As stated in *Sackman I,* a court may grant summary judgment only if the evidence, viewed in the light most favorable to the party opposing the motion, presents no genuine issue of material fact, *Samuels v. Mockry,* 77 F.3d 34, 35 (2d Cir.1996), and the movant is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The Court must, however, resolve all ambiguities and draw all reasonable inferences in the light most favorable to the party opposing the motion. *See Quaratino v. Tiffany & Co.,* 71 F.3d 58, 64 (2d Cir.1995); *Twin Laboratories, Inc. v. Weider Health & Fitness,* 900 F.2d 566, 568 (2d Cir.1990); *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 11 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987).

According to the Second Circuit "[s]ummary judgment is a tool to winnow out from the trial calendar those cases whose facts predestine them to result in a directed verdict." *United National Ins. Co. v. The Tunnel, Inc.,* 988 F.2d 351, 355 (2d Cir.1993). Once a party moves for summary judgment, in order to avoid the granting of the motion, the non-movant must come forward with specific facts showing that a genuine issue for trial exists. *West–Fair Elec. Contractors v. Aetna Cas. & Surety Co.,* 78 F.3d 61, 63 (2d Cir.1996); *see also Western World Ins. Co. v. Stack Oil, Inc.,* 922 F.2d 118, 121 (2d Cir. 1990) (quoting Fed.R.Civ.P. 56(e)). A genuine issue of material fact exists if "a reasonable jury could return a verdict for the non-moving party." *Liberty Lobby,* 477 U.S. at 248, 106 S.Ct. at 2510; *see Vann v. New York City,* 72 F.3d 1040 (2d Cir.1995).

However, mere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment. *Kulak v. City of New York,* 88 F.3d 63, 70 (2d Cir. 1996). If there is evidence in the record as to any material fact from which an inference could be drawn in favor of the non-movant summary judgment is unavailable. *Holt v. KMI–Continental, Inc.,* 95 F.3d 123, 128 (2d Cir.1996); *Rattner v. Netburn,* 930 F.2d 204, 209 (2d Cir.1991). Finally, the Court is charged with the function of "issue finding", not "issue resolution." *Gallo v. Prudential Residential Servs., Ltd., Partnership,* 22 F.3d 1219, 1224 (2d Cir.1994).

It is within this framework that the Court addresses the grounds for the present motion for summary judgment to dismiss the Eighth Count alleging a claim for civil conspiracy.

### B. *Liggett's motion*

The parties agree that in New York a claim for civil conspiracy is not an independent tort, but rather, is a derivative claim of an underlying substantive tort. *See, e.g., Innovative Networks, Inc. v. Satellite Airlines Ticketing Ctrs., Inc.,* 871 F.Supp. 709, 731 (S.D.N.Y.1995), citing, *Danahy v. Meese,* 84 A.D.2d 670, 446 N.Y.S.2d 611, 614 (4th Dep't 1981); *Cunningham v. Hagedorn,* 72 A.D.2d 702, 422 N.Y.S.2d 70, 73 (1st Dep't 1979); *see also Schlotthauer v. Sanders,* 153 A.D.2d 729, 545 N.Y.S.2d 196, 197 (2d Dep't 1989). "Under New York law, a defendant may be held liable in tort for conspiracy to do an unlawful thing, or to do a lawful thing in an unlawful manner." *Arlinghaus v. Ritenour,* 622 F.2d 629 (2d Cir.), *cert. denied,* 449 U.S. 1013, 101 S.Ct. 570, 66 L.Ed.2d 471 (1980) (internal quotation omitted). "The entire theory of conspiracy is that two or more persons are acting together to effectuate an unlawful purpose. This assumes an agreement to so act, either by express assent, or by inference from conduct." *Sluys v. Gribetz,* 842 F.Supp. 764, 767 (S.D.N.Y.), *aff'd,* 41 F.3d 1503 (2d Cir.1994), *cert. denied,* 514 U.S. 1005, 115 S.Ct. 1316, 131 L.Ed.2d 197 (1995).

A claim for civil conspiracy "is merely the string whereby the plaintiff seeks to tie together those who, acting in concert, may be

held responsible in damages for any overt act or acts." *Rutkin v. Reinfeld*, 229 F.2d 248, 252 (2d Cir.), *cert. denied*, 352 U.S. 844, 77 S.Ct. 50, 1 L.Ed.2d 60 (1956); *John's Insulation, Inc. v. Siska Constr. Co.*, 774 F.Supp. 156, 161–62 (S.D.N.Y.1991). Accordingly, allegations of conspiracy are only appropriate for the purpose of establishing joint liability by co-participants in a particular tortious conduct. *Grove Press, Inc. v. Angleton*, 649 F.2d 121, 123 (2d Cir.1981); *Valdan Sportswear v. Montgomery Ward & Co.*, 591 F.Supp. 1188, 1191 (S.D.N.Y.1984).

■ At the outset of the analysis, the Court notes that the only possible bases for their civil conspiracy cause of action are the plaintiffs' negligence and products liability claims. However, as Justice Siracuse aptly recognized in *Lindsay v. Lockwood*, 163 Misc.2d 228, 625 N.Y.S.2d 393 (Sup. Ct. Monroe Cty.1994), because a claim of conspiracy requires a showing of intentional conduct, "there can hardly be conspiracy to commit negligence." *Id.* 625 N.Y.S.2d at 396. Indeed, numerous courts of other jurisdictions have reached the same conclusion. *See Sonnenreich v. Philip Morris Inc.*, 929 F.Supp. 416, 419 (S.D.Fla.1996) (recognizing in the context of a lawsuit against tobacco manufacturers that "[l]ogic and case law dictate that conspiracy to commit negligence is a non sequitur"); *Rogers v. Furlow*, 699 F.Supp. 672, 675 (N.D.Ill.1988) ("[w]hat the plaintiffs suggest is a conspiracy to commit negligence, a paradox at best"); *Triplex Communications, Inc. v. Riley*, 900 S.W.2d 716, 719 n. 2 (Tex.1995) ("[g]iven the requirement of specific intent, parties cannot engage in a civil conspiracy to be negligent"). Accordingly, for the plaintiffs to state a viable cause of action for conspiracy, it must be based on their products liability claim.

■ As the Second Circuit stated in *Fane v. Zimmer, Inc.*, 927 F.2d 124 (2d Cir.1991):

> Strict liability requires proof that (1) the product is "defective" because it is not reasonably safe as marketed; (2) the product was used for a normal purpose; (3) the defect was a substantial factor in causing the plaintiff's injuries; (4) the plaintiff by the exercise of reasonable care would not have both discovered the defect and apprehended the danger, [and] (5) the plaintiff would not have otherwise avoided the injury by the exercise of reasonable care.
>
> *Wolfgruber v. Upjohn Co.*, 72 A.D.2d 59, 62, 423 N.Y.S.2d 95, 97 (4th Dep't 1979), *aff'd*, 52 N.Y.2d 768, 436 N.Y.S.2d 614, 417 N.E.2d 1002 (1980). When a design defect is asserted, the focus is on whether the product, as designed, was not reasonably safe or presented an unreasonable risk of harm to the user. *Voss [v. Black & Decker Mfg. Co.*, 59 N.Y.2d 102, 107, 463 N.Y.S.2d 398, 401–02, 450 N.E.2d 204 (1983).]* More specifically, the standard is whether, "if the design defect were known at the time of manufacture, a reasonable person would conclude that the utility of the product did not outweigh the risk inherent in marketing a product designed in that manner." *Id.* at 108, 463 N.Y.S.2d at 402, 450 N.E.2d 204. The plaintiff bears the burden of presenting evidence that the product, as designed, presented a substantial likelihood of harm and feasibly could have been designed more safely.

*Id.* at 128 (footnote omitted).

■ Whether a plaintiff may maintain a cause of action for conspiracy to market defective products under New York law is unclear. Some courts in other jurisdictions have declined to recognize such a claim. *See Campbell v. A.H. Robins Co. Inc.*, 615 F.Supp. 496, 500 (W.D.Wis.1985) ("how the defendants, or anyone else, can conspire to cause negligent harm or conspire to cause damages under a strict product liability claim is inexplicable"); *Haar v. Lorillard Tobacco Co.*, Case No. 95–5497 W at 2, n. 1 (Fla. Cir. Ct. 13th Dist July 24, 1996) (unpublished opinion) ("[b]ecause negligence is not an intentional tort and does not support a civil conspiracy claim, this Court has some doubt as to whether strict liability would be an appropriate underlying tort").

Other courts have stated that strict liability constitutes negligence per se. *See West v. Caterpillar Tractor Co.*, 336 So.2d 80, 90 (Fla.1976); *Webb v. Navistar Int'l Transp. Corp.*, 692 A.2d 343, 351 (Vt.1996) (Morse, J.,

concurring), citing, *Dippel v. Sciano*, 37 Wis.2d 443, 155 N.W.2d 55, 64–65 (1967). Based on this conclusion, these courts could find that claims of negligence and negligence per se should be treated similarly in the sense that neither cause of action would support a claim for civil conspiracy. Under this reasoning these courts may conclude that a strict liability claim will not support a conspiracy cause of action.

Nevertheless, there is some support for the proposition that a plaintiff may assert a conspiracy claim based upon a products liability cause of action. For example, in *Hawkins v. Upjohn Co.*, 890 F.Supp. 601, 608 n. 10 (E.D.Tex.1994), cited by the plaintiffs, the district court recognized this type of conspiracy claim. This case may be of limited value because it also recognized a cause of action for civil conspiracy based on negligence, relying on *Rogers v. R.J. Reynolds Tobacco Co.*, 761 S.W.2d 788, 796 (Tex.App.Beaumont 1988), a proposition subsequently overruled by the Texas Supreme Court in *Triplex Communications, Inc. v. Riley*, 900 S.W.2d 716, 720 n. 2 (Tex.1995). However, in *Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 617 (Tex.1996) decided after *Triplex*, the Texas Supreme Court was faced with a claim for civil conspiracy based on strict liability Rather than extending the *Triplex* holding, and finding that such a cause of action does not exist as a matter of law, the court decided the issue on other grounds. In addition, one court has tacitly recognized the existence of a cause of action for conspiracy to market a defective product. *See Skipworth v. Lead Indus. Ass'n, Inc.*, 445 Pa.Super. 610, 665 A.2d 1288, 1292–93 (1995).

Given the dearth of authority and the diffuse view on this subject, the Court is reluctant to dismiss this cause of action at this juncture. As set forth above, the case law on this area is muddled, and new law in this field, especially with regard to the tobacco industry, is developing rapidly. Accordingly, in order to better assess both the form and the substance of the plaintiff's conspiracy claim, the more prudent option is to permit the Sackmans to present the proof underlying this cause of action at trial where the Court will be in a better position to consider this claim.

■■■ In reaching this conclusion, the Court notes that even if it had been inclined to grant Liggett's motion, Sackman might still be able to maintain a claim based on concerted action. "The theory of concerted action 'provides for joint and several liability on the part of all defendants having an understanding, express or tacit, to participate in a common plan or design to commit a tortious act.'" *Rastelli v. Goodyear Tire & Rubber Co.*, 79 N.Y.2d 289, 295, 582 N.Y.S.2d 373, 375, 591 N.E.2d 222 (1992), quoting, *Hymowitz v. Eli Lilly & Co.*, 73 N.Y.2d 487, 506, 541 N.Y.S.2d 941, 539 N.E.2d 1069, *cert. denied*, 493 U.S. 944, 110 S.Ct. 350, 107 L.Ed.2d 338 (1989). To establish a concerted action claim, a plaintiff must show that each defendant charged has acted tortiously and that one of the defendants committed an act in pursuance of the agreement which constitutes the tort. *Rastelli*, 79 N.Y.2d at 295, 582 N.Y.S.2d at 375, 591 N.E.2d 222. However, parallel activity among companies developing and marketing the same product, without more, is insufficient to demonstrate the agreement element necessary to maintain a concerted action claim. *Id.* Under New York case law, such claims have been applied in the products liability context. *See id.*

■■ Applying these rules, the Court finds that even if it had dismissed Sackman's conspiracy cause of action, the plaintiffs have nevertheless alleged a viable concert of action claim. According to the Sackmans, Liggett, as a member of the tobacco industry, has been in possession of scientific and medical evidence regarding the dangers of smoking cigarettes. The plaintiffs further assert that despite this knowledge, the defendant, along with other tobacco manufacturers conspired to repress this information and misrepresent the health risks at issue. This scheme led to Sackman's continued use of cigarettes which allegedly caused her lung cancer. Accordingly, even if the Court had determined that there is no cause of action for conspiracy to market defective products under New York law, Liggett's motion for summary judgment with respect to Count Eight would nevertheless have been denied.

In this regard the Court notes the defendant's argument that any concert of action claim must fail because such a claim requires a showing of underlying fraudulent conduct. *See City of New York v. Lead Indus. Ass'n, Inc.,* 190 A.D.2d 173, 597 N.Y.S.2d 698, 700 (1st Dep't 1993). Assuming that Liggett's position is correct, the Court finds that the plaintiffs have demonstrated material issues of fact as to Liggett's role in an attempt to conceal information in its possession regarding the health risks associated with smoking as part of a scheme with other tobacco manufacturers, which is evidence of fraudulent conduct.

Finally, the Court recognizes that its decision allowing Count Eight to proceed to trial will have implications regarding various discovery issues. Although the Court may revisit the issue of Count Eight's viability both at the end of the plaintiff's case and at the conclusion of the entire case, both parties may pursue whatever additional discovery may be appropriate, under the supervision of United States Magistrate Judge E. Thomas Boyle. Jury selection is hereby scheduled for Monday, October 6, 1997 at 9:00 a.m. All discovery is to be completed prior to this date.

### III. *Conclusion*

Having reviewed the parties' submissions, and for the reasons set forth above, it is hereby

ORDERED, that the defendant's motion for summary judgment with respect to Count Eight in the Amended Complaint, sounding in conspiracy, is denied.

SO ORDERED.