■ Susan Altman, Individually and on Behalf of the Estate of Walter Altman, Deceased, et al., Plaintiffs, and Lorraine A. Doner et al., Appellants, v Fortune Brands, Inc., Formerly Known as American Brands, Inc., et al., Respondents. [701 NYS2d 615] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered October 16, 1998, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss plaintiff Hickey estate's wrongful death, strict product liability and breach of warranty claims as barred by the applicable Statutes of Limitation, its cause of action for fraud and deceit as preempted by Federal law and as insufficiently pleaded and the estate and plaintiff Doner's conspiracy, aiding and abetting and concerted action claims as insufficiently pleaded, and denied plaintiffs' cross motion for leave to file an amended complaint, unanimously affirmed, without costs.

Since the Hickey estate has not previously argued that the applicable Statutes of Limitation were tolled by the commencement of class actions (*see, American Pipe & Constr. Co. v Utah*, 414 US 538, 550-551)—the only prior argument to that effect having been made by another plaintiff in a footnote submitted in a memorandum in opposition to defendants' motion to dismiss which did not mention one of the class actions now relied on by the estate to toll such limitation periods—and since the estate further failed to bring any purported omission by the court to rule on such issue to the court's attention, precluding it from correcting any error in that regard, the issue has not been preserved for appellate review, and we decline

to review in the interest of justice. In any event, review would be inappropriate since resolution of the issue turns on factual questions as to which the motion court made no findings and upon which defendants had no opportunity to be heard (*see, Sharpe v American Express Co.*, 689 F Supp 294, 301-303).

The court properly dismissed the estate's post-1969 fraud claims alleging fraudulent concealment and failure to warn, since such claims were preempted by the Federal Cigarette Labeling and Advertising Act (15 USC § 1331 *et seq.*; *Small v Lorillard Tobacco Co.*, 252 AD2d 1, 12-15, *affd* 94 NY2d 43). The claims that were not preempted, those arising prior to 1969 and those alleging affirmative misrepresentations, were also properly dismissed for failure to plead them with sufficient particularity (*Small v Lorillard Tobacco Co., supra*, at 15-16).

Plaintiffs' concerted action claim was properly dismissed for failure to establish that the precise identification of the wrongdoer was impossible (*Hymowitz v Eli Lilly & Co.*, 73 NY2d 487, *cert denied* 493 US 944; *Rose v American Tobacco Co.*, 1997 NY Misc LEXIS 662 [Sup Ct, NY County, Oct. 21, 1997, Lebedeff, J.]) and that each defendant was a party to an agreement to commit a tort (*see, Rastelli v Goodyear Tire & Rubber Co.*, 79 NY2d 289; *Hymowitz v Eli Lilly & Co., supra; and see, Sackman v Liggett Group,* 965 F Supp 391). The conspiracy cause of action was also properly dismissed for failure to plead an underlying intentional tort against any defendant with sufficient particularity (*see, Sackman v Liggett Group, supra; Grupo Sistemas Integrales de Telecomunicacion v AT&T Communications*, 1996 WL 312535 [SD NY, June 10, 1996, Wood, J.]).

Plaintiffs' cross motion to serve an amended verified complaint was properly denied since their proposed pleading contained no new allegations to sustain the dismissed causes of action (*see, Mobil Oil Corp. v Joshi*, 202 AD2d 318). Concur—Sullivan, J. P., Mazzarelli, Wallach, Rubin and Andrias, JJ.