67-69 St. Nicholas Ave. Hous. Dev. Fund Corp. v Green (2022 NY Slip Op 04087)

67-69 St. Nicholas Ave. Hous. Dev. Fund Corp. v Green

2022 NY Slip Op 04087

Decided on June 23, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 23, 2022

Before: Renwick, J.P., Kern, Kennedy, Mendez, Higgitt, JJ. 

Index No. 155502/19 Appeal No. 16173 Case No. 2021-02719 

[*1]67-69 St. Nicholas Avenue Housing Development Fund Corporation, Plaintiff-Appellant,
v
Siwana Green et al., Defendants-Respondents, Antonio Contreras, Defendant.

Kellner Herlihy Getty & Freidman LLP, New York (Carol Anne Herlihy of counsel), for appellant.
Siwana Green and Thomas Green, respondents pro se.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about June 30, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment declaring that the lease between plaintiff and defendants Thomas Green and A Cup of Harlem is void or invalid and on its claim for breach of fiduciary duty against defendant Siwana Green, unanimously reversed, on the law, without costs, the motion granted, and it is declared that said lease is void.
Plaintiff, a low-income cooperative apartment corporation (HDFC), established prima facie that the lease between plaintiff and defendants Thomas Green and A Cup of Harlem was not voted on by a majority of disinterested directors and is therefore voidable under Business Corporation Law § 713(b). A Cup of Harlem is a partnership between Thomas Green and Siwana Green, who are married. Siwana Green is a shareholder in the HDFC and a former officer and member of plaintiff's board of directors. By lease dated April 1, 2004, while Siwana Green was one of three members of the board, plaintiff leased one of the two commercial spaces in the building to Thomas Green and A Cup of Harlem for a 99-year term, with a monthly rent of $700 for the entirety of the term and an option to extend the lease for a 10-year term at a rate of $800 per month. In support of its motion, plaintiff submitted a former board member's affidavit that he was elected to a one-year term in February 2004, that he only learned of the lease in 2018, when Siwana Green was removed from the board, and that he never would have approved a lease with such "outlandish" terms. In opposition, the Greens failed to submit evidence to raise an issue of fact as to whether the former board member was elected to the board in February 2004, i.e., before the lease was executed.
The Greens also failed to demonstrate that the lease was otherwise fair and reasonable as to the corporation (see Business Corporation Law § 713[b]). Assuming arguendo that Siwana Green persuaded the other two directors to approve the lease, those directors, too, had a duty to ensure that the transaction was fair and reasonable to plaintiff, and the Greens, as proponents of the transaction, failed to establish that the other directors satisfied that duty (see Ault v Soutter, 204 AD2d 131 [1st Dept 1994]).
The record demonstrates that Siwana Green breached her fiduciary duty to plaintiff by diverting a corporate opportunity without plaintiff's knowledge or consent and admittedly receiving more than $200,000 profit from the sublessee to whom, in March 11, 2009, Thomas Green sublet the leased premises at a monthly rent of $2,500 for a ten-year term, which was then renewed for a monthly rent of $2,800.
Contrary to the Greens' contention, the record shows that Siwana Green owed a duty of loyalty to plaintiff until at least April 17, 2018, when she was voted off the board; thus, this action was timely filed on June 1, 2019 (see IDT Corp[*2]. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139 [2009] [where relief is primarily monetary, statute of limitations is three years]; see also 105 E. Second St. Assoc. v Bobrow, 175 AD2d 746, 746-747 [1st Dept 1991] ["The measure of damages for breach of fiduciary duty is the amount of loss sustained, including lost opportunities for profit on the properties by reason of the faithless fiduciary's conduct"]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2022