Leili v Romanello (2024 NY Slip Op 00378)

Leili v Romanello

2024 NY Slip Op 00378

Decided on January 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2024

Before: Webber, J.P., Friedman, González, Shulman, Pitt-Burke, JJ. 

Index No. 159603/16 Appeal No. 1536 Case No. 2023-01597 

[*1]Edward Leili, Plaintiff-Appellant,
v
Joseph Romanello et al., Defendants-Respondents, Joseph Dimyan, Defendant.

Law Office of Todd J. Krouner, P.C., Chappaqua (Todd J. Krouner of counsel), for appellant.
VoutÉ, Lohrfink, McAndrew, Meisner & Roberts, LLP, White Plains (Jeffrey S. Peske of counsel), for respondents.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered March 8, 2023, which denied plaintiff's motion to reject the report of the Special Referee dated June 7, 2022, confirmed the report, and granted the motion of defendants Joseph Romanello and the Romanello Law Firm, LLC (Romanello) for summary judgment dismissing the complaint, unanimously affirmed, with costs.
The burden of proving jurisdiction is on the party asserting it (Jacobs v Zurich Ins. Co ., 53 AD2d 524, 525 [1st Dept 1976]), and in this case, Supreme Court providently exercised its discretion when it confirmed the Special Referee's report finding that plaintiff failed to meet his burden of proving that the court had personal jurisdiction over Romanello. CPLR 302(a) provides for New York jurisdiction over a nondomiciliary where the person, or through an agent, (1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or (2) commits a tortious act within the state. For an out-of-state attorney to be subject to personal jurisdiction under CPLR 302(a)(1) for transacting business within the state, he or she must project "[themselves] into New York to perform services and purposefully [avail themselves] of the privileges and benefits of performing such services in the state" (Liberatore v Calvino , 293 AD2d 217, 220 [1st Dept 2002]).
Even if plaintiff signed the subject retainer agreement, there was no testimony that the retainer agreement was counter-signed by Romanello. Moreover, the unsigned form of the retainer agreement only contemplated work in Connecticut as it cited the sliding scale for the attorney fee from a statute in Connecticut, and the retainer agreement contained a self-executing clause that the representation would immediately cease should there be a negative medical review. Moreover, "[t]he mere creation of an agency for some purpose does not automatically invest the agent with 'apparent authority' to bind the principal without limitation" (Ford v Unity Hosp., 32 NY2d 464, 472 [1973]). "An agent's power to bind [the] principal is coextensive with the principal's grant of authority" (id. ). Based on the testimony, Joseph Romanello and Dimyan clearly worked together in matters prior to the SDNY action; however, the Special Referee correctly found that Joseph Romanello advised plaintiff of the negative medical review, and advised plaintiff that he would no longer be representing him in this matter. Plaintiff's contention that the fully executed retainer agreement was spoliated, even if
asserted in a footnote, was unpreserved (see Altman v Fortune Brands , 268 AD2d 231, 231-232 [1st Dept 2000]). Based on conflicting affidavits, a reference to determine jurisdiction was proper (see Shea v Hambro Am. , 200 AD2d 371, 372 [1st Dept 1994]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2024